## Dolloff *versus* Stimpson.

A motion to set aside a verdict, on proof, that a juror was related to one of the parties, cannot prevail, if, at the opening of the case to the jury, the party making the motion, was present and knew of the disqualification, and did not object to the juror.

The motion will not be aided by proof that the party making it was, at the time of the trial, ignorant of the law creating the disqualification.

Howard, J., orally. — A verdict in this case was rendered for the *defendant.*

A motion to set it aside has been made by the *plaintiff* for the reason that one of the jurors who tried the case, was a nephew of the *plaintiff.* This fact was known to the plaintiff, but not to the defendant, at the time of the trial.

By R. S. chap. 1, sect 3, a juror thus related to either of the parties is disqualified from acting, unless by the express consent of the parties interested. *Hardy* v. *Sprowle,* 32 Maine, 310. In that case it was decided, that such a juror could not sit, except by consent. There the motion was made by the party who was not related to the juror.

The R. S. sect. 65, provides, that the Court, on motion of either party in a suit, may examine on oath any person called as a juror whether he is related to either party; and if it

shall appear, that he does not stand indifferent in the cause, another juror shall be called and placed in his stead for the trial of the case.

The 69th section provides, that if a party knows of any objection to a juror, in season to propose it before trial, and omits so to do, he shall not afterwards be allowed to make the same objection, unless by leave of Court for special reasons. In this case the plaintiff knew the fact of the relationship of the juror before and during the trial of the cause. It is said, that the plaintiff was not in Court at the commencement of the trial. But the statute does not require the objection to be made at the commencement of the trial. It appears, that the defendant was in Court when the case was opened to the jury. The objection could then have been seasonably made. But the plaintiff omitted to do it, and it is too late to make the suggestion after verdict.

It is argued, that the plaintiff did not know what the law was. The maxim is a sound one in the administration of justice, that ignorance of the law furnishes no excuse.

*Motion overruled.*

*Wilkinson* and *Tapley*, for the plaintiff.

*M. Emery*, for the defendant.