# Wheeling.

## WILLIAM C. VANMETER. *vs.* EBENEZER KITZMILLER.

### July Term, 1872.

A case in which there was misconduct upon the part of a juror. The misconduct consisted in the juror asking, after the case had been submitted to them and they had retired to consult of their verdict, one of the witnesses whether he had not made certain statements on the witness stand.

This was a trial of the right of property, under a suspending bond, between Ebenezer Kitzmiller and William C. Vanmeter, in the circuit court of Mineral county, in 1870.

A verdict was found on behalf of Kitzmiller, and a motion was made for a new trial by Vanmeter.

It appears that the jury disagreed among themselves as to a statement made by a witness, ten of them insisting on a certain statement and the other two on a different one. Vanmeter among others, filed the following affidavit of J. O. Hull:

"That he was acting as deputy sheriff at the March term of the circuit court of Mineral county; that he had a conversation with Simon Umstot, one of the jurymen in the case of *William C. Vanmeter* vs. *Ebenezer Kitzmiller,* as follows: When court had adjourned for dinner, as I was going to the railroad, I met Simon Umstot between the court house and the railroad. He called me to one side, and said he wanted to ask me a question. I told him I would listen to him, and he said, 'Didn't you say, in giving in your evidence, that Peerce said that he could do as he pleased with his property on his own premises?' I refused to answer him. I told him, "Don't you know the court instructs you to have nothing to say to any person outside of your own jury? He then said it made no difference; that he was one of the jurors and I was a witness; and he said, I understood you to say that

Peerce said that he would do as he pleased with his property on his own premises.' I replied, ' That is what I said.' This is all the conversation I had with him."

The court refused the motion for a new trial, and Vanmeter appealed.

*White & Boggess* for plaintiff in error.
*Allison & Regnolds* for defendant in error.

MOORE, J. The case of *Bull* vs. *The Commonwealth,* 14 Gratt., 626, is conclusive of the impropriety of setting aside a verdict and granting a new trial upon the affidavits of jurors. But in this case the affidavit of Hull, who was not a juror, clearly shows misconduct on the part of one of the jurors in approaching said Hull and asking the question he did. The answer given to the repeated question may have influenced the mind of the juror and induced him to have given a different verdict from what he would otherwise have done and it is possible that through that juror the jury was influenced. Be that as it may, if such conduct on the part of a juror, is permitted by the court, it would open wide the gates for designing men to enter and tamper with jurors. The reason is strong against sustaining a verdict in such cases; a different rule would lead to corruption and injustice.

I think the judgment of the court is erroneous, and should be reversed, with costs, the verdict set aside, and a new trial awarded.

The other judges concurred.

JUDGMENT REVERSED.