OLESON v. MEADER.

1. **New Trial:** JURY: MISCONDUCT OF. The misconduct of a juror in holding a conversation with an attorney respecting the law of the case after the conclusion of arguments of counsel, was *held* sufficient ground for granting a new trial.

2. ——: ——: ——. That the attorney of the party asking the new trial knew of the misconduct of the juror before the rendition of the verdict and remained silent would not constitute negligence, unless it is made to appear that after that time the prejudice might have been avoided.

Oleson v. Meader.

*Appeal from Winneshiek Circuit Court.*

WEDNESDAY, JUNE 17.

ACTION in replevin. There was a verdict for plaintiff, which was set aside upon motion of defendant, on the ground of misconduct of a juror. From the order granting a new trial plaintiff appeals.

*E. E. Cooley*, for appellant.

*Willett & Wellington*, for appellee.

BECK, J.—The misconduct of the juror consisted in a conversation held by him with the counsel of plaintiff, after the conclusion of the argument of the case, wherein the juror asked counsel a question involving the merits of the case, and an expression of the opinion of the juror unfavorably to the rights of defendant was made. The answer of counsel may be interpreted into an assent to the remark of the juror, and as answering the question affirmatively.

I. If the conversation was had for the purpose of obtaining information as to the law by the juror, or of sustaining an opinion he entertained as to the merits of the case, though that opinion was based upon the evidence, it was certainly misconduct. The jury may obtain information as to the law from no other source than the court, and they cannot resort to counsel or others, for the purpose of strengthening their convictions based upon the evidence. The purpose of the conversation, as well as its probable effect to defeat the correct administration of justice, were matters to be decided by the Circuit Court, upon the evidence presented by the affidavits, and other facts within the knowledge of the judge. We are unable to say that the conclusion reached was erroneous. We are required to exercise presumptions in favor of its correctness, in the absence of evidence in the record showing an abuse of discretion.

In the cases cited by plaintiff's counsel it appeared that the

discretion of the judge was abused by granting new trials, and that the matters complained of did not work prejudice to the administration of justice.

II. It is insisted that, as the attorney of defendant knew of the matter complained of before the rendition of the verdict, the order for a new trial was erroneous. It is not made to appear that after the knowledge was acquired, any thing could have been done to avoid prejudice resulting from the misconduct of the jury. The defendant, therefore, is not chargeable with negligence for remaining silent until after the verdict.

III.. It is also said that as the court overruled the motion so far as it was based upon the ground that the verdict was contrary to law and evidence, it therefore held the finding to be just. But this is an unwarranted construction of the record. The court must be understood as deciding that, independent of the misconduct complained of, there was no ground to hold the verdict in conflict with the law and the evidence, but in view of the misconduct it could not be so held.

IV. It is urged that the opinions expressed by the juror was correct, and therefore, no injustice did result from his entertaining or expressing it. So for as light is thrown upon the subject by the record, we are of a different opinion. Certainly the record does not establish this position of counsel.

The judgment of the Circuit Court is

AFFIRMED.