# WHEELING.

## FLESHER v. HALE.

Submitted June 23, 1883—Decided July 7, 1883.

1. It is the settled law of this State, in both criminal and civil trials, that the verdict of a jury will not be set aside for objections to jurors, on grounds which existed *before* they were sworn, unless it appears that by reason of the existence of such grounds the party objecting has suffered wrong or injustice; and the ignorance of the parties of the existence of such grounds until after verdict is immaterial.  (p. 47.)

2. But if *after* the jury has been sworn facts are established which show that improper influences were brought to bear upon it, or that its members, or any of them, were guilty of improper conduct, such as *might* have resulted prejudicially to the losing party, a presumption arises against the purity of the verdict; and unless there is testimony which shows the verdict was not affected by such influences or conduct, it will be set aside; and the burden of producing such testimony is upon the party claiming the right to keep the verdict.  ('p. 48.)

3. If, however, a new trial is asked on account of such improper influences or misconduct of the jury, it must appear that the party so asking called the attention of the court to the same at the time it was first discovered or as soon thereafter as the course of the proceedings would permit; and if he fail to do so, he will be held to have waived all objection thereto, unless it be a matter which he could not waive or which could not have been obviated by attention having been promptly called to it at the time it was discovered.   (p. 48.)

4. The knowledge of the attorney of such improper influences or conduct is the knowledge of his client.   (p. 49.)

5. When a party moves for a new trial on the ground of misconduct of the jury, which occurred during the trial, he must aver in his motion and show affirmatively that both he and his counsel were ignorant of the fact of such misconduct until after the trial; and of course, when the proof which shows the misconduct also shows that the counsel for the party asking the new trial knew of its existence and made no objection thereto during the trial, it is improper to set aside the verdict for such misconduct; and an order setting aside a verdict upon such ground in a civil case will be reversed by the Appellate Court.   (p. 50.)

SNYDER, JUDGE, furnishes the following statement of the case:

This is a writ of error to an order, made by the circuit court of Lewis county, March 16, 1882, setting aside the verdict of the jury and granting a new trial in an action of *assumpsit* brought by the plaintiff in error in the county court of said county, February 29, 1879, against the defendant in error for one thousand six hundred and forty-seven dollars and eighty-four cents, and transferred by operation of law to said circuit court before trial.   The defendant pleaded *non assumpsit* and filed specifications of set-off, and the verdict was for two hundred and seventy-one dollars and twenty-seven cents in favor of the plaintiff.   After the rendition of the verdict the defendant moved the court to set the same aside, which motion the court sustained and the plaintiff excepted and tendered his bill of exceptions, which shows that the defendant in support of his motion read three several affidavits in which the affiants state, that Allen Snow, one of the jurors who tried the case, was intoxicated and drunk to such a degree that most of the time during the argument he was asleep and incapable of rendering a decis-

ion or determining the case in the manner and way of a sober juror.

And that in opposition to said motion the plaintiff read the joint affidavit of six of the jurors other than said Snow, in which the affiants state, that after the jury had been sent out to consider of their verdict the said Snow was not so intoxicated as to deprive him of his reason, but he was as capable and competent of rendering a verdict upon the law and the evidence as any other juror, and that in the discussion and debate as to the verdict he was the most outspoken advocate of the defendant.

In addition to said affidavits the bill of exceptions contains the following facts in the form of a certificate by the court:

"On the morning of the day on which this case was argued by counsel and before the same was argued, the attention of the court was called to the fact that Allen Snow, one of the jurors impaneled and sworn in the case, was drinking and was under the influence of liquor. This fact the court mentioned to the counsel, both of the plaintiff and defendant, and it was mutually agreed that the case might be tried and determined by the remaining eleven jurors. No evidence was introduced in the case nor was the jury called during that morning, and the court was occupied until noon with chancery business. After the recess at noon, and when the case was called in the afternoon, the said Allan Snow took his seat with the other jurors and was permitted to remain with them and participate in their proceedings thereafter without objection from either plaintiff or defendant, and that no evidence was introduced in the afternoon.

"The court further certifies that during the progress of the argument the court observed that the said Allen Snow was still under the influence of intoxicating drinks, and during a portion of said argument was asleep, and that this fact was also observed by the counsel of the parties.

"The court further certifies that it was discussed between the plaintiff and one of the counsel of the defendant as to what had better be done with regard to the said Allen Snow, and it was agreed that it was immaterial what became of said Snow.

"The court further certifies, however, in reference to this

fact, that at the time of the application for said new trial the defendant, Hale, spoke out in court and denied that the counsel aforesaid had any authority from him to enter into such agreement, and that Hale was not present when said agreement was made, and it was made in the bar in the presence of the regular judge by said counsel while said judge was off the bench and a special judge was sitting in another case.

"The court further certifies that the defendant, Hale, was present during the entire trial, including the time occupied by counsel in their argument.

"The court further certifies that the argument of counsel was concluded on said afternoon and the case submitted to the jury; that the jury did not agree on a verdict on that day, and were in their jury-room only about two hours on that day, and that on the next day the jury came into the court-room and asked for instructions, which the court gave, and that on said last day the said Allen Snow was not apparently under the influence of intoxicating drinks, and the court set aside said verdict and granted a new trial."

*W. G. Bennett* for plaintiff in error.

No appearance for defendant in error.

SNYDER, JUDGE:

The court having set aside the verdict and granted a new trial upon the facts before stated, the single question presented to this Court is, did the court in so doing err? Our statute provides that:

"No irregularity in any writ of *venire facias*, or in the drawing, summoning, or impaneling of jurors, shall be sufficient to set aside a verdict, unless the party making the objection was injured by the irregularity, or unless the objection was made before the swearing of the jury." Acts 1882, sec. 19, chap. 83, p. 190.

Applying the spirit of said statute and, perhaps, extending the rule and policy of it, the courts of Virginia and of this State have repeatedly held, and it is now the settled law of this State, in both criminal and civil trials, that the verdict of the jury will not be set aside for objections to jurors, on

grounds which existed before they were sworn, unless it is made to appear that by reason of the existence of such grounds the party objecting has suffered wrong or injustice. *Sweeney* v. *Baker*, 13 W. Va. 228, and cases there cited. In this class of cases the objections to the jurors were of such character that, if made before the jury was sworn, they would have been sustained and the jurors objected to held to be disqualified; but notwithstanding this and the fact that the parties were ignorant of any grounds of disqualification until after the verdict, the court refused to set aside the verdict, because it did not appear that said grounds had operated so as to inflict injustice.

The rule is, however, different in cases where the disqualification arises from the misconduct of the jurors after they have been sworn. While it requires clear and satisfactory proof to establish misconduct in a member of the jury after he has been sworn, because the presumption of right acting which obtains with reference to the conduct of every person acting in an official position unless the contrary is shown, applies in full force with reference to the conduct of sworn jurors, yet when misconduct is established of such a nature that prejudice *might* have resulted from it, a presumption of prejudice arises from it, which unless rebutted by the successful party will vitiate the verdict and require a new trial. *Woods* v. *State*, 43 Miss. 364–72; *State* v. *Cartwright*, 20 W. Va. 32; *State* v. *Robinson*, *Id.* 713.

"Where facts are established which show that improper influences were brought to bear upon the jury, or that they were guilty of improper conduct, such as might have resulted prejudicially to the losing party, a presumption arises against the purity of their verdict; and unless there is testimony which shows that their verdict was not affected by such influences or conduct, it will be set aside; and the burden of producing such testimony is upon the party claiming the right to keep the verdict. The rule is one of public policy. In order to preserve public confidence in the administration of justice, it is not only necessary that judicial trials should be conducted with reasonable regularity, but that verdicts should be free from the taint of suspicion of improper conduct or influences."—Thomp. & Mer. on Juries, § 439; *Phil-*

*lip's Case*, 19 Gratt. 485; *Com.* v. *Roby*, 12 Pick. 496; *Thompson* v. *State*, 26 Ark. 323.

While these are the general rules established by the courts in regard to verdicts where the disqualification or misconduct of the jurors was unknown to the parties until after verdict, there is another rule which limits these rules and applies to all classes of cases, whether the disqualification of the jurors existed before being sworn or arose out of misconduct during the trial. All the authorities agree that, where a new trial is asked on account of irregularity or misconduct of the jury, it must appear that the party so asking called the attention of the court to it at the time it was first discovered or as soon thereafter as the course of the proceedings would permit, and if he fail or neglect to do so, he will be held to have consented to have waived all objections to such irregularity or misconduct, and, unless it be a matter which could not have been waived, or which could not have been remedied or obviated, if attention had been called to it at the time it was first discovered, he will be estopped from urging it as a ground for a new trial.—*Dilworth's Case*, 12 Gratt. 689; *Coleman* v. *Moody*, 4 H. & M. 1; *Dower* v. *Church*, 21 W. Va. 23; *Fox* v. *Hazelton*, 10 Pick. 275; *Oleson* v. *Meader*, 40 Iowa 662; *Lee* v. *McLeod*, 15 Nev. 158; *State* v. *Tuller*, 34 Conn. 280; *Dolloff* v. *Stimpson*, 33 Me. 546; *Martin* v. *Tidwell*, 36 Ga. 332; *Parks* v. *State*, 4 Ohio St. 234; *State* v. *Daniels*, 44 N. H. 383.

The knowledge of the attorney in such case is the knowledge of his client.—*Russell* v. *Quinn*, 114 Mass. 103; *Fessenden* v. *Sayer*, 53 Me. 531; *Parker* v. *State*, 55 Miss. 414; *Cox* v. *People*, 80 N. Y. 500.

This rule proceeds upon the ground that a party ought not to be permitted, after discovering an act of misconduct which would entitle him to claim a new trial, to remain silent and take his chances of a favorable verdict, and afterwards, if the verdict is against him, bring it forward as a ground for a new trial. A party cannot be permitted to lie by, after having knowledge of a defect of this character, and speculate upon the result, and complain only when the verdict becomes unsatisfactory to him.—*Selleck* v. *Sugar H. T. Co.*, 13 Conn. 453; *Orrok* v. *Com. Ins. Co.*, 21 Pick. 456; *Rex* v. *Sutton*, 8 Barn. & Cres. 417.

It follows, therefore, that when a party moves for a new trial on the ground of misconduct on the part of the jury, which took place during the trial, he must aver in his motion and show affirmatively that both he and his counsel were ignorant, until after the jury had retired, of the fact of such misconduct. Thomp. & Mer. on Juries, § 428 and cases cited; *Id.* § 456.

In the case at bar, the counsel certainly, and, we may presume from his being present at the trial, the defendant also had notice of the misconduct of the juror, Snow, at the time it occurred. In fact, "it was mutually agreed that the case might be tried and determined by the remaining eleven jurors." This agreement was made in the presence of the judge of the court by the counsel both of the plaintiff and defendant. After this agreement was made, no motion or effort was made to remove the said Snow from the jury box. He was not even requested to retire, and, probably, he had no knowledge of the agreement, and so he continued on the jury. Afterwards when, during the subsequent progress of the trial, the court called attention to the fact that said Snow was still on the jury, the counsel for the plaintiff and defendant, "agreed that it was immaterial what became of said Snow," and he was, no doubt, in consequence of said agreement allowed to remain on the jury until after the verdict. Certainly by this conduct the defendant consented to have the said Snow remain on the jury after he knew of his misconduct, and, under the rule of law before stated, he thereby waived all right to object to the verdict on that ground and estopped himself from relying on said misconduct as a ground for a new trial, unless his situation and rights were such at the time he made the discovery, that the objection could not have been obviated, or that his right was such that no waiver or consent could conclude him.

If he had made the objection and insisted on it, the court could, under our statute, have had another juror sworn in his place. Code, ch. 159, § 7. Or by consent the cause might have been tried by the court, or by the remaining jurors or seven of them. Code, ch. 116, § 29; *Dilworth's Case,* 12 Gratt. 708; *Tooel's Case,* 11 Leigh 714; *State* v. *Van Matre,* 49 Mo. 268.

The objection, therefor, if it had been made could have been obviated at the time, and that the rights of the defend-

ant were such that he could waive them is equally clear. This is a civil action and in such cases any consent of the parties is binding. They relate to and affect only individual rights which are entirely within their personal control, and which they may part with at their pleasure. The design of such actions is the enforcement of merely private obligations and duties. Any departure from legal rules in the conduct of such actions with the consent of the litigants is, therefore, a voluntary relinquishment of what belongs to them exclusively.—Thomp. & Mer. on Juries, § 8; *Cancemi v. People*, 18 N. Y. 128; *Durham v. Hudson*, 4 Ind. 501; *Commonwealth v. Dailey*, 12 Cush. 80; *Sarah v. State*, 28 Ga. 576.

Upon the foregoing authorities as well as upon justice and reason it is plain, that the defendant could have waived as in fact he did waive the irregularity arising from the misconduct of the said juror, Snow, and his conduct and acquiescence after he was apprised of the misconduct of said juror, in permitting him to remain on the jury, must be regarded as a consent that he should so remain notwithstanding such misconduct; and, consequently, it would be unjust to permit the defendant, after having taken his chance of a favorable verdict, to take an advantage of an irregularity, which he had waived and consented to, for the purpose of avoiding an unfavorable verdict.

I am, therefore, of opinion that the said order of the circuit court setting aside the verdict of the jury and granting a new trial is erroneous and must be reversed with costs to the plaintiff in error; and this Court proceeding to enter such judgment as the said court ought to have entered, it is considered that the defendant's motion to set aside the verdict be overuled and that the plaintiff recover from the defendant the sum of two hundred and seventy-one dollars and twenty-seven cents, the amount of the verdict of the jury, with interest thereon from the 16th day of March, 1882, till paid and his costs in the prosecution of his action in said circuit court expended, which is ordered to be certified to said court.

THE OTHER JUDGES CONCURRED.

JUDGMENT REVERSED.