# CHARLESTON.

HOMER E. HOLT, ADM'R. v. OTIS ELEVATOR CO.

Submitted October 3, 1916.    Decided October 10, 1916.

1. JUDGMENT—*Trial by Issues—Judgment Non Obstante Veredicto.*

   A judgment *non obstante veredicto* must be based upon the merits of the case as disclosed by the pleadings, not in any sense upon the evidence adduced upon a material issue properly joined. It is not tantamount to a motion to set aside a verdict for lack of evidence to sustain it, nor can it be used for such purpose, or to obtain a judgment of dismissal for lack of evidence.   (p. 787.).

2. APPEAL AND ERROR—*Presenting Questions in Trial Court—Motion for New Trial—Necessity.*

   By his failure to move for a new trial, in the trial court, a party against whom a verdict has been rendered, waives all errors committed by the court in the progress of the trial, including the erroneous overruling of motions having for their purpose relief from the verdict, on the theory of a total want of evidence to sustain it.   (p. 788).

3. JUDGMENT—*Non Obstante Veredicto.*

   Though the trial court may deem the evidence insufficient to sustain a verdict for the plaintiff, it cannot, after having set aside the verdict at the instance of the plaintiff urging such action on other and untenable grounds, properly render a judgment of dismissal of the action, on a motion by the defendant for judgment *non obstante veredicto,* by way of correction of its error in refusing to direct a verdict for the defendant, for lack of evidence.   (p. 789).

4. APPEAL AND ERROR—*Review—Harmless Error—Instructions.*

   Any errors that may have been committed against a plaintiff, in instructions pertaining to his right to recover only and not in any way touching the measure of damages, are rendered harmless by a verdict in his favor, for they manifestly did not influence the jury to his prejudice.   (p. 790).

5. SAME—*Review—Questions of Fact—Damages.*

   In a case of indeterminate damages for which the law gives no specific rule of compensation, the decision of the jury upon the amount of damages is generally conclusive, unless the amount is so large or small as to induce belief that they were influenced by passion, partiality, corruption or prejudice, or misled by some mistaken view of the case.   (p. 790).

6. SAME—*Disposition of Cause—Rendition of Judgment.*

   If the defendant in error cross-assigns error in the action of the trial court in setting aside a verdict, on the motion of the

plaintiff in error, upon insufficient grounds, or upon its own motion, for lack of evidence, in a case in which the defendant in error has moved for a new trial and then withdrawn its motion and moved for judgment *non obstante veredicto,* on the ground of lack of evidence to sustain the verdict, the appellate court, on reversing the judgment of dismissal improperly rendered on said last motion, will re-instate the verdict and enter judgment thereon. (p. 789).

Error to Circuit Court, Cabell County.

Action by Homer E. Holt, Administrator, etc., against the Otis Elevator Company. Judgment for defendant, and plaintiff brings error.

*Reversed, verdict for plaintiff reinstated. Judgment rendered.*

*W. A. Hosack, Holt, Duncan & Holt,* and *W. K. Cowden,* for plaintiff in error.

*Williams, Scott & Lovett,* for defendant in error.

POFFENBARGER, JUDGE:

A judgment of dismissal, entered in an action of trespass on the case, under somewhat anomalous conditions, has raised, upon this writ of error, some rather novel contentions.

Contenting itself with cross-examination of the plaintiff's witnesses, the defendant offered no testimony on its own behalf. The plaintiff having introduced his evidence and rested his case, the defendant requested the court to give a peremptory instruction to find for it, and the plaintiff sought four instructions drafted upon the theory of sufficiency of the evidence to sustain a verdict. The court declined to give the defendant's peremptory instruction, gave the instructions asked for by the plaintiff and read to the jury a written charge. After having deliberated for some time, the jury came into court and reported their inability to agree upon a verdict. Thereupon, the court again read to them the instructions previously given and delivered to them an oral charge or address concerning the legal method of deliberation and arrival at a conclusion. Thereafter a verdict was returned in which the plaintiff's damages were assessed at $750.00. The defendant moved the court to set it aside, but withdrew its motion before the court acted upon it, and then

moved for judgment for the defendant notwithstanding the verdict.. Thereupon the plaintiff moved the court to set aside the verdict and grant a new trial. The court set aside the verdict, and then, being of the opinion that its refusal to give the peremptory instruction asked for was erroneous, sustained the motion for judgment *non obstante veredicto* and dismissed the plaintiff's action.

Complaining only of the refusal of a new trial and the rendition of the final judgment, the plaintiff endeavors to sustain the action of the court in setting aside the verdict, on the ground of errors in the oral and written charges delivered to the jury by the court. On the other hand, the defendant endeavors to sustain the denial of a new trial and rendition of the judgment, and cross-assigns error in the setting aside of the verdict, in the event of failure in its effort to sustain the final judgment of dismissal.

The order denying right of recovery, in the manner above indicated, stands upon its recited assumption of insufficiency of the evidence to sustain the verdict. The motion upon which the order is predicated is not, however, applicable to the relief sought. It pertains to the rights of the parties as disclosed by the pleadings only, and does not extend to the evidence adduced upon the issue made. At common law, judgments *non obstante veredicto* could have been granted, originally, in the plaintiff's favor only, and only in cases in which the plea confessed the cause of action and set up insufficient matter in avoidance thereof. It was a form of judgment by confession. Later, the rule was extended so as to permit such judgment to be applied for and entered in favor of the defendant when the plaintiff's pleadings were insufficient to sustain a judgment in his favor. They could not be taken in any case in which the pleadings stated a good cause of action and defense and made a material issue of fact for the jury. *Richmire* v. *Elevator Co.*, 11 N. D. 453, 455; 4 Minor's Institute, 946, 947; Andrews Stephen's Pled. p. 186; sec. 95; 2 Ency. Pld. Prac. 912. By statute, this remedy has been extended in Minnesota and North Dakota and perhaps some other states, to the case in which an issue has been properly joined and plaintiff's case is wholly unsupported

by evidence and incapable of being made better. *Cruikshank* v. *St. Paul F. & M. Insurance Co.,* 75 Minn. 266; *Marquardt* v. *Hubner,* 77 Minn. 442; *Merritt* v. *Great Northern Ry. Co.,* 81 Minn. 486; *Richmire* v. *Elevator Co.,* 11 N. D. 453; *Lumber Co.* v. *Fargo,* 12 N. D. 360. This extension seems to have been made in New York and Washington, but whether it was done by virtue of an act of the legislature, does not appear from the decisions. *Glennon* v. *Erie Ry. Co.,* 86 N. Y. Suppl. 875; *Casety* v. *Jamison,* 35 Wash. 478. In each of the two states last mentioned, the code practice prevails and but little regard is had for common law procedure. As to matters of practice, the courts in such states have much more latitude than we have. Until altered or repealed by the legislature, such parts of the common law and the laws of this state as were in force when the constitution was adopted, and are not repugnant thereto, continue to operate and bind the courts of this state. Constitution, Art. 8, sec. 31, Code, ch. 13, sec. 5. Since the common law does not permit the use of a motion for judgment notwithstanding the verdict, as a remedy for correction of errors made in the progress of a jury trial, such as the overruling of a motion to strike out the plaintiff's evidence or to direct a verdict, or in any other way to test the sufficiency of the plaintiff's evidence, and that law has not been repealed or amended in that respect, by the legislature, both the circuit court and this court are bound by it, and the rendition of judgment thereon, complained of here, was obviously erroneous, if the declaration states a cause of action, and it does unquestionably.

Inability of the court to relieve from the verdict on the motion for judgment *non obstante veredicto,* because of its inapplicability, withdrawal of the defendant's motion to set aside the verdict, for lack of evidence to sustain it, and its cross-assignment of error here, obviously and necessarily deny power in this court consistently to give any relief against the verdict at the instance of the defendant; and, unless the court below properly set it aside on the motion of the plaintiff, it must stand and constitute the basis of a judgment here. Evidently the defendant does not want a new trial. It withdrew its motion therefor and now asks this

court to reinstate the verdict, if it is denied the benefit of the action of the trial court in its motion for judgment. Its manifest purpose was to limit the recovery to the amount of the verdict, if it should be held liable. Unfortunately perhaps, it unintentionally conceded liability by the withdrawal of its motion to set aside the verdict and grant a new trial. To avail himself, in the appellate court, of errors made in the progress of a trial, such as erroneous rulings respecting the admission and rejection of evidence, giving and refusal of instructions and overruling of motions to strike out evidence and direct a verdict, the party prejudiced thereby must move for a new trial and except to the action of the court in refusing it. *Humphreys* v. *West*, 3 Rand. 516; *Riddle* v. *Core*, 21 W. Va. 530; *State* v. *Hall*, 26 W. Va. 236, 237; *Danks* v. *Rodeheaver*, 26 W. Va. 274; *State* v. *Phares*, 24 W. Va. 657. Though the court has power to set aside the verdict of a jury on its own motion, *Furnace Corp.* v. *Cowder*, 110 Va. 387, it cannot consistently do so over the protest of the party against whom it stands.

No doubt the argument inducing the action of the trial court was total lack of evidence to sustain the allegations of the declaration, but it was not argument for a new trial. Such is the argument here, but it is attended by a protest against a new trial. The defendant framed its motions so as to avoid the hazard of a larger verdict on a new trial and to risk everything else on a motion for complete exoneration. The verdict may have been set aside, not on the grounds urged by the plaintiff, but because the court thought there was no evidence to sustain it. In other words, the order may possibly be regarded as having been made *ex mero motu*. But, if so, it was made against the will of the defendant, for it manifestly did not want to be relieved of the verdict, if a new trial was to follow, nor unless its motion for dismissal should prevail and thus end the case. If it saw fit voluntarily to subject itself to a light verdict rather than take the risk of a heavy one on a new trial, there was no reason for objection to that course, on the part of the court. It is an established rule of this court not to grant a new trial except upon request, and there is no occasion for a different rule in

the trial courts.   Moreover, it would unsettle the practice to permit a remedy designed for one purpose to be diverted to another.   The orderly administration of justice demands substantial adherence to established rules of practice.

The cross-assignment of error must prevail.   In the charges of the court, complained of, there was no possible element of prejudice to the plaintiff, if it be conceded that they were flagrantly and palpably erroneous, for they pertained, not to the amount of recovery, but to the right to recover; and, if erroneous, the plaintiff obtained a verdict, notwithstanding the errors.   As the supposed errors did not prevent the jury from finding liability on the part of the defendant, they could not have prejudiced the plaintiff.   The jury must necessarily have disregarded them.   Authority need not be cited for the proposition that a party cannot complain of errors which have done him no harm.   However, we are not to be understood as declaring the charges of the court were erroneous.   As to that, we have made no inquiry whatever.

Nor can the annullment of the verdict be justified on the ground of meagerness of the damages.   The jury had grave doubt of the right of recovery.   Though he had been married and was the father of a child, the decedent had been divorced from his wife and he does not seem to have devoted his energies to the support or care of his daughter.   The value of his life to his next of kin was evidently far below that of the average father, and it was within the province of the jury to award such damages as they deemed to be fair and just under all the circumstances.   Nothing in the record or the circumstances disclosed indicates any passion, partiality corruption or prejudice on the part of the jury to which the meagerness complained of may be attributed.   Hence, the court could not properly disturb the verdict on that ground.   *Trice* v. *C. & O. Ry. Co.,* 40 W. Va. 271.

For the reasons stated, the judgment will be reversed, the verdict re-instated and a judgment entered thereon.   Costs will be awarded the plaintiff in error as the party substantially prevailing.

> *Reversed, verdict for plaintiff reinstated.   Judgment rendered.*