[No. 13790.   Department Two.   June 22, 1917.]

W. W. HOPKINS, *Appellant*, v. COPALIS LUMBER COMPANY, *Respondent*.[1]

NEW TRIAL—WAIVER. The right to a new trial is waived where the party had knowledge of acts constituting misconduct of the jury and prevailing party while absent on a view of the place of the accident, at the time they occurred, and failed to call the court's attention thereto prior to return of the verdict.

Appeal from a judgment of the superior court for Grays Harbor county, Sheeks, J., entered April 15, 1916, upon the verdict of a jury rendered in favor of the defendant, in an action in tort.   Affirmed.

*Morgan & Brewer* and *A. Emerson Cross*, for appellant.

*W. H. Abel* and *George Dysart*, for respondent.

FULLERTON, J.—The appellant, W. W. Hopkins, while driving an automobile along a county road in Grays Harbor county, attempted to cross a railroad track, when he collided with a train of cars operated by the respondent, Copalis Lumber Company, and received injuries for which he sues in this action. The cause was tried by the court sitting with a jury. At the close of the evidence, the court concluded it proper that the jury should have a view of the place of the accident, and directed that they be conducted there for that purpose. They were so conducted and returned, when the trial proceeded to its conclusion, the jury returning a verdict for the respondent. After the return of the verdict, the appellant moved for a new trial on the grounds, among others, of misconduct on the part of the jury and misconduct of the prevailing party, supporting the motion by affidavits. The affidavits disclosed that the claimed misconduct occurred while the jury were absent from the courtroom on the view of the place of the accident. Counter affidavits were filed,

[1]Reported in 165 Pac. 1062.

after which the court overruled the motion for a new trial and entered a judgment in accordance with the verdict.

The only error assigned on this appeal is the overruling of that part of the motion for a new trial which is based on the misconduct of the jury and prevailing party. But whether the acts of misconduct shown to have been committed were of such a nature as to require a new trial we shall not determine, as we have concluded that the appellant is not in a position to make the objection. The rule is general that, when a party moves for a new trial on the ground of misconduct which occurred during the course of the trial, he must aver and show affirmatively that he and his counsel were ignorant of the misconduct charged until after the trial. The rule and the reasons for it are well stated by Mr. Thompson in his work on Trials, vol. 2 (2d ed.), § 2613, in the following language:

"In pursuance of the maxim, *omnis consensus tollit errorem,* the consent of the unsuccessful party in a civil case, to an irregularity in the conduct of a jury, will always estop him from claiming a new trial on that ground. Moreover, if he is cognizant of the irregularity, and does not avail himself of the first opportunity to call the attention of the court to it, he thereby *waives* any right to make it the ground of an objection. If he fails to do this, he cannot raise such an objection for the first time by motion for a new trial. The rule proceeds upon the ground that the party ought not to be permitted, after discovering an act of misconduct which would entitle him to claim a new trial, to remain silent and take his chances of a favorable verdict, and afterwards, if the verdict goes against him, bring it forward as a ground for a new trial. Such a course is inconsistent with the candor and good faith which should characterize judicial proceedings. . . . In cases where this principle is applied, it follows that, where a party moves for a new trial on the ground of misconduct on the part of the jury, which took place during trial, he must aver in his motion, and show affirmatively that he and his counsel were ignorant, until after the jury had retired, of the fact of such misconduct."

A somewhat similar question was before us in the case of *In re Jackson Street*, 47 Wash. 243, 91 Pac. 970. In that case the court directed that the jury view the premises in charge of one of the court bailiffs, and that a Mr. Jeffrey, a witness for the plaintiff city, go along and point out to the jury the particular tract in controversy. At the time the order was made, the defendants interposed a general objection "to allowing Mr. Jeffrey or any person to go with the jury except a court bailiff." In an affidavit filed in support of a motion for a new trial, the further objection was made that Mr. Jeffery was an officer of the city and a witness on the trial, and was not sworn to perform any duty except as such witness. The trial court overruled the motion for the new trial, and the defendant appealed. Passing upon the specific objections to the appointment of Mr. Jeffrey, we held that they could not be urged in this court, for the reason that they were not taken at the time of his appointment; saying in the course of the opinion:

"Objections to the personnel of the person appointed or that he was not sworn should be taken at the time of the appointment, and cannot be urged for the first time on motion for new trial."

See, also, *Grantz v. City of Deadwood*, 20 S. D. 495, 107 N. W. 832; *Woodruff v. Richardson*, 20 Conn. 238; *Peterson v. Skjelver*, 43 Neb. 663, 62 N. W. 43; 12 Ency. Plead. & Prac., p. 558.

Here the affidavits filed in the case make it clear that the appellant and his counsel had knowledge of certain of the acts constituting the claimed misconduct at the time they occurred, and it is not averred, nor attempted to be proven, that they did not learn of all of them prior to the time the cause was submitted to the jury. Since they failed to call the attention of the court to the matters of which they had knowledge prior to the return of the verdict, and since they do not aver that the others were unknown to them prior to

the rendition of the verdict, we are constrained to hold that they could not successfully urge them in support of a motion for a new trial.

The judgment is affirmed.

ELLIS, C. J., MOUNT, PARKER, and HOLCOMB, JJ., concur.