H. B. KEESEE, *Adm'r., v.* ATLANTIC GREYHOUND CORPORATION

(No. 8709)

Submitted May 10, 1938. Decided May 24, 1938.

*Sanders & Day,* for plaintiff in error.

*J. M. B. Lewis, Jr.,* and *A. J. Lubliner,* for defendant in error.

KENNA, JUDGE:

The plaintiff, H. B. Keesee, administrator of the estate of John Keesee, deceased, brought this action of trespass on the case in the Circuit Court of Mercer County against the Atlantic Greyhound Corporation for the sum of $10,000.00, alleging that the death of plaintiff's intestate was caused by the negligent operation of a bus owned and operated by the defendant which overturned from the highway at a point near Natural Bridge, Virginia, on June 30, 1936, at about eleven forty-five P. M. There was a verdict in favor of the plaintiff in the sum of $500.00, which was set aside by the court on motion of the plaintiff and over defendant's objection, and the plaintiff was awarded a new trial. This writ of error was granted on application by the defendant below, now the plaintiff-in-error. The trial court's written opinion is a part of the record, from which it appears that the verdict was set aside solely on the ground that defendant's instruction number four was thought to be erroneous and prejudicial to plaintiff's case.

The plaintiff-in-error, defendant below, assigns as grounds for reversing the order of the trial court setting aside the verdict and awarding the plaintiff below a new trial: (1) that defendant's instruction No. 4 correctly states a sound proposition of law; (2) that the trial court held that instruction erroneous in setting aside the verdict on a ground different from that urged against the instruction at the time it was tendered, contending that counsel for plaintiff were estopped from urging an objection to the instruction different from their specific objection; and (3) that since the evidence did not justify the jury in finding a verdict in favor of the plaintiff, plaintiff has no right to complain if the defendant is willing to pay the amount of the jury's verdict.

The defendant-in-error, plaintiff below, undertakes to meet the points relied upon by the plaintiff-in-error by citing authority to sustain the principle that instruction No. 4 of the defendant below was erroneous, and justifies the trial court in having set aside the verdict.

The defendant-in-error then proceeds to make what he terms cross-assignments of error which he contends justified the trial court in setting aside the verdict. These are that the trial court erred: (1) In giving defendant's instruction No. 6; (2) in allowing to be read to the jury two letters complimenting the care of the bus driver, they being based upon his conduct upon trips other than the one during which plaintiff's decedent met his death; (3) in striking from the testimony on cross-examination of defendant's witness Dietz answers which established the fact that the defendant had paid him the sum of $30.00 as damages for injuries claimed by him to have been received in the wreck of defendant's bus which resulted in the death of plaintiff's decedent; and (4) in allowing witnesses for the defendant to state their opinions as to whether the bus was being operated in a proper manner at the time of the wreck.

The plaintiff rested his case after showing that on June 30, 1936, at Natural Bridge, Virginia, a passenger bus owned and operated by the defendant, traveling north on U. S. Highway No. 11, after having climbed an elevation and started down grade and around an abrupt curve, became unmanageable or got out of control, left the highway and turned over into a ditch, killing the driver, plaintiff's decedent and three other passengers, and injuring a number of others who were riding as passengers in the bus.

From what has been said, it will be observed that the alleged error relied upon by the plaintiff below as justifying the action of the trial court in setting aside the verdict affects nothing more than plaintiff's right to recover. In no instance does the error alleged specifically affect the *quantum* of damages. The plaintiff below is in no position to sustain the assertion that he was prejudiced by an error of the trial court which affected only his right to recover. He had a verdict. "Any errors that may have been committed against a plaintiff, in instructions pertaining to his right to recover only and not in any way touching the measure of damages, are rendered harmless by a verdict in his favor, for they mani-

festly do not influence the jury to his prejudice." *Holt* v. *Elevator Company,* 78 W. Va. 785 (Pt. 4, Syllabus), 90 S. E. 333, L. R. A. 1917A, 1194.

But is the verdict in amount manifestly inadequate so that the trial court's course in setting it aside may be sustained on that basis? We think not.

In an action for death by wrongful act in consequence of injuries inflicted in Virginia, the law of Virginia governs. 2 Beale, Conflict of Laws, p. 1305. That is to say, it governs under our statute (Code, 57-1-4). Otherwise, the "foreign" law would have to be pleaded and established by proof, prior to which the *lex fori* would be thought to be the same. *The "Scotland",* 105 U. S. 24, 26 L. Ed. 1001; Minor on Conflict of Laws, page 532.

The law of the Commonwealth of Virginia does not justify the setting aside of a verdict in an action to recover for death by wrongful act because of the amount thereof in the absence of some special showing. The Virginia statute creating this right of action provides that: "A jury * * * may award such damages as to it may seem fair and just, not exceeding ten thousand dollars." Our statute in West Virginia is in almost identical language. The courts of last resort of both states have held that the statute gives to the jury absolute control over the amount of recovery, within the statutory limits. *Harris* v. *Royer,* 165 Va. 461, 182 S. E. 276 (reversing an order setting aside a $750.00 verdict in a death case). See also, *Hawkins* v. *Nuttalburg Coal & Coke Company,* 66 W. Va. 415, 66 S. E. 520 (reversing an order setting aside a $500.00 verdict in a death case).

We do not believe that this verdict should have been set aside either upon the ground that erroneous instructions dealing with plaintiff's right to recover were given, or upon the ground that the verdict was inadequate.

Therefore, the order of the trial court setting aside the verdict is reversed, the verdict is reinstated and the trial court is directed to enter judgment pursuant thereto and in accordance with the provisions of the Virginia statute.

Michie's Virginia Code of 1936, Chapter 236, Paragraph 5788.

*Reversed and remanded.*