346 S.E.2d 353

**William T. HAIGHT, et al.**

v.

**Brian M. GOIN, et al.**

**Benjamin C. HARDMAN**

v.

**Brian M. GOIN, et al.**

v.

**William T. HAIGHT, et al.**

**No. 16430.**

Supreme Court of Appeals
of West Virginia.

July 11, 1986.

Stanley E. Preiser, L. Alvin Hunt, Preiser & Wilson, Charleston, for appellant.

Duane Southern, Rose, Southern & Padden, Fairmont, Larry O. Ford, Jones, Williams, West & Ford, Clarksburg, for appellee.

PER CURIAM:

This is an appeal by William T. Haight, Rosalie Haight, and Benjamin C. Hardman, plaintiffs below, from a final order entered

in the Circuit Court of Monongalia County in two consolidated personal injury actions. The appellants contend that misconduct on the part of two jurors [1] constituted grounds for a mistrial. Upon review of the briefs and a limited trial record consisting of the pleadings, motions, orders, and a transcript of certain testimony concerning the alleged misconduct,[2] we affirm the rulings of the trial court.

The actions arose out of the collision of two automobiles. One vehicle, driven by William T. Haight, was owned by his mother, Rosalie Haight; the other one, driven by Brian Goin, was owned by the West Virginia University Foundation and assigned to Goin's father, Robert. Benjamin C. Hardman was a passenger in the Haight vehicle. Goin also had a passenger, Mary Miles Turner. Both drivers and Hardman sustained personal injuries.

The Haights and Hardman brought separate actions against the Goins. In the Haights' action, the Goins filed a counterclaim. In Hardman's action, the Goins filed a third-party complaint against the Haights. The actions were subsequently consolidated.

Following a lengthy trial, the jury returned verdicts finding that the two drivers were equally negligent and that Hardman was not negligent. No damages were awarded to the Haights or to Hardman. Counsel representing the Haights and Hardman moved for a mistrial on the grounds that the jury was obviously confused, that a finding of equal fault was unsupported by the evidence, and that the faultless Hardman was entitled to damages. The trial judge accepted the verdicts on liability but ordered the jury, over objection of counsel for Haight and Hardman, to continue deliberations for the purpose of awarding damages to Hardman.[3]

After a few minutes of deliberation, the jury returned with a verdict awarding $600 in damages to Hardman. The trial judge, believing that the second verdict was inadequate, sent the jury back, again over objection, to reconsider the question of damages. Both sides objected.

No sooner had the jury resumed its deliberations than counsel representing the Haights as third-party defendants informed the trial judge that he had observed one of the jurors conversing with a spectator in the courtroom and that a law student, who was assisting defense counsel, was also seen talking with the same spectator. Several witnesses were then called, including the spectator, Irene Connor, and the juror in question, Cheryl Mayfield.

The testimony revealed that Connor and Mayfield were sisters and that during the course of the trial, including the jury's deliberations, they had discussed the case. Connor told Mayfield that in her opinion the two drivers were equally at fault. However, Mayfield testified that she made up her own mind on the issue of fault and that she did not tell any of her fellow jurors that she and her sister had discussed the case.

The court discharged Mayfield as a juror and fined her $500 for violating the court's instruction not to talk about the case outside the jury room. With the court's permission the jury continued deliberating with only 11 members, and returned a verdict awarding Hardman $1000 in damages. This verdict was initially accepted by the court, but was subsequently set aside on the ground that Hardman did not consent

---

1. Anna Nicholson, a secretary for an insurance company, was alleged to have committed misconduct by failing to disclose the fact that she worked for an insurance company. The judge found no evidence of misconduct because Nicholson had no intention to deceive, and further, because her place of employment was easily discoverable by checking a city business directory. Appellants offer no reason to overturn the judge's ruling with respect to juror Nicholson. Therefore, we address only the misconduct of a second juror, Cheryl Mayfield.

2. We have not been provided with a transcript of the actual trial testimony.

3. It was stipulated that Hardman's medical bills totalled $514. The trial judge properly ordered further deliberations. *See Long v. City of Weirton,* 158 W.Va. 741, 789, 214 S.E.2d 832, 862 (1975); *Kuhn v. Cooper,* 141 W.Va. 33, 42, 87 S.E.2d 531, 536 (1955); *Brewer v. Appalachian Constructors, Inc.,* 138 W.Va. 437, 447–48, 76 S.E.2d 916, 922–23 (1953).

to an eleven-person jury. The court granted Hardman a new trial on damages.[4]

In syllabus point 3 of *Legg v. Jones*, 126 W.Va. 757, 30 S.E.2d 76 (1944), we said: "Misconduct of a juror, prejudicial to the complaining party, is sufficient reason to direct a mistrial or to set aside a verdict returned by the jury of which he is a member." In *Legg*, we discussed the necessity of proving prejudice where the alleged misconduct does not involve a party.

> Upon a clear and satisfactory showing of misconduct by a juror induced, or participated in, by an interested party, no proof is required that the misconduct resulted in prejudice to the complaining party. Prejudice is presumed and unless rebutted by proof the verdict will be set aside. *Flesher v. Hale*, 22 W.Va. 44. But where such misconduct is induced by a stranger, or a person having no interest in the litigation, unless manifestly prejudicial, the effect thereof must be established by proof.

126 W.Va. at 763, 30 S.E.2d at 80.

■ In the case before us, there is no dispute that juror Mayfield engaged in misconduct when she discussed the case with her sister. A member of the jury should not discuss the case on which he or she is sitting with anyone outside the jury room. The jury must deliberate free from outside influence. *See Vanmeter v. Kitzmiller*, 5 W.Va. 380 (1872); *Dower v. Church*, 21 W.Va. 23 (1882); *see generally* Annot., 64 A.L.R.2d 158 and 75 Am.Jur.2d, Trial § 979.

■ There was, however, no evidence that Mayfield's misconduct was induced by an interested party. Therefore, prejudice flowing from the misconduct is not presumed and must be proved. *Legg v. Jones*, *supra*.

Testimony was taken from Connor, Mayfield, and others who spoke to Connor about her presence in the courtroom, along with testimony of one juror who was called as a witness by the Haights' counsel. The trial judge found that there was no evidence of prejudice resulting from the misconduct of juror Mayfield.

The appellants contend that it was improper to consider the testimony of another juror with respect to the effect of the misconduct. We held in *Miller v. Blue Ridge Transp. Co.*, 123 W.Va. 428, 437, 15 S.E.2d 400, 405 (1941) that juror's affidavits are not admissible to impeach a verdict. "[T]he general rule [is] that impeachment may not be permitted on matters inherent to the jury's deliberative process." *State v. Scotchel*, 168 W.Va. 545, 285 S.E.2d 384, 389 (1981). However, we have also said "that the jurors ... are competent to testify in relation to the facts and circumstances surrounding such ... misconduct, but not to show by what motivation they were actuated or that any admitted fact, misconduct, or irregularity had no influence or effect upon their minds in producing the verdict." *State v. Clark*, 51 W.Va. 457, 472, 41 S.E. 204, 211 (1902).

■ In the case before us, it was the appellants' counsel, now complaining about such testimony, who put the juror, Pamela Riel, on the witness stand and questioned her about such matters as Mayfield's conduct in the jury room, Mayfield's views on the comparative fault of the parties, and the influence of Mayfield's views on other jurors. It is clear from Riel's testimony that the jury was not aware of any outside influence on juror Mayfield. Under the circumstances we see no impropriety in the court's receiving Riel's testimony. Counsel who endeavored to use the testimony to impeach the verdict cannot now be heard to complain that the trial judge improperly considered such evidence, particularly where the juror's testimony vindicated, rather than impeached, the verdict.

■ The trial judge found no prejudice stemming from the misconduct because the verdict on liability, finding the drivers to be equally at fault, was supported by the evi-

---

4. The Goins have cross-appealed, contending that the $600 was supported by the evidence and should have been accepted by the trial judge.

We are unable to address this issue because we do not have a trial record. See n. 2, *supra*.

dence,[5] the jury was not aware of Mayfield's conversations with her sister, and a poll of the jury showed unanimity of assent to the verdict. *See State v. Scotchel, supra,* 168 W.Va. at 545, 285 S.E.2d at 389.

Syl. pt. 7 of *State v. Johnson,* 111 W.Va. 653, 164 S.E. 31 (1932) provides:

A motion for a new trial on the ground of the misconduct of a jury is addressed to the sound discretion of the court, which as a rule will not be disturbed on appeal where it appears that defendant was not injured by the misconduct or influence complained of. The question as to whether or not a juror has been subjected to improper influence affecting the verdict is a fact primarily to be determined by the trial judge from the circumstances, which must be clear and convincing to require a new trial; proof of mere opportunity to influence the jury being insufficient.

*See also* syl., *State v. Gilliam,* 169 W.Va. 746, 289 S.E.2d 471 (1982).

We find no error or abuse of discretion in the trial judge's refusal to declare a mistrial or grant a new trial. Accordingly, the order of the Circuit Court of Monongalia County is affirmed.

Affirmed.

---

**5.** The trial judge did not abuse his discretion by examining the full trial record in order to find evidence of prejudice. The case of *Watkins v. Baltimore & O.R. Co.,* 130 W.Va. 263, 43 S.E.2d 219 (1947), cited by the appellants is inapposite because *Watkins* involved disqualification of a juror for cause.