F. X. Miller *et al., Plaintiffs in Error,* v. J. E. Pace, *Defendant in Error.*

Opinion filed March 1, 1916.

1. Where in the consideration of a motion to strike the bill of exceptions from a transcript, on the ground that the entire evidence adduced at the trial was not included therein, although the defendant in error before said bill of exceptions was settled or signed demanded its inclusion therein, the court gives full consideration to the entire merits of the cause and concludes that no reversible error has been made to appear, the court may affirm the judgment appealed from.

2. Where the counsel for the defendant in error conveys in his automobile two of the trial jurors to and from their homes to the place of trial, and this fact is fully known to the counsel for the plaintiff in error before the rendition of the verdict, it is too late after verdict rendered to object or

protest against such irregularity in a motion for a new trial, such irregularity to avail the party having knowledge thereof must be seasonably objected to and protested against before verdict rendered, otherwise it will be held to have been waived.

Writ of Error to Circuit Court, Seminole County; Jas. W. Perkins, Judge.

Judgment affirmed.

*T. B. Ellis, Jr.,* and *Jones & Jones,* for Plaintiffs in Error;

*C. B. Robinson, C. P. Dickinson* and *Geo. A. De-Cottes,* for Defendant in Error.

PER CURIAM.—This cause coming on to be heard upon a motion to strike the bill of exceptions from the transcript of the record on the ground that said bill of exceptions omits and fails to contain all the evidence adduced in the trial of the cause, although the defendant in error demanded that all of said evidence be included in said bill of exceptions, all of which appears from the transcript, and in the consideration of said motion, the court having considered the entire merits of the cause, and coming to the conclusion that the plaintiffs in error have failed to make any reversible error to appear. The irregularity complained of, touching the conveying of two jurors from their homes to and from the place of trial by the counsel for defendant in error in an automobile, was not complained of until after verdict, when, to avail the plaintiffs in error, who had full knowledge thereof, it should have been raised and objected to before verdict, so that the trial court could have discharged

the jurors and declared a mistrial. The judgment below is hereby affirmed at the costs of plaintiffs in error.

All concur, except WHITFIELD, J., absent on account of sickness.