MATHEWS, Justice:
Three pedestrians while crossing a well-lighted street walked into the path of an automobile which they could easily have seen, but did not, and were struck when the driver did not see them, though he could have.
Three actions were brought but were consolidated for trial and the cases are now presented in one appeal from judgments in favor of the defendant.
In response to the charge that the plaintiffs’ injuries were solely caused by the negligence of the defendant in the operation of his motorcar, the defendant pleaded that the plaintiffs’ negligence was the lone, as well as the contributory “cause of the accident.”
We have reviewed all the evidence in this case. There was a material conflict in the testimony of the plaintiffs in the Court below as to the place of impact. Each of them testified that the automobile was close to or next to the curbing when the accident occurred. The physical facts testified to were that immediately after the collision, examination of the scene was made and glass from the right headlight was on the street about 16 or 17 feet from the curbing and immediately in front of 'or underneath the right headlight itself. Immediately after the accident and before the defendant’s car was moved it was standing straddle of the middle street line, approximately 17 feet from the west curb. By actual measurement the street was 38 feet and 5 inches wide. When the car stopped it was approximately 30 feet south of 10th Street. In addition to the oral testimony, the record contains several photographs taken immediately after the collision and before the removal of the injured parties and the automobile driven by the defendant. At the time of the collision the streets were well lighted and any person with normal vision could see an automobile approaching for a distance of three or four hundred feet. There were sufficient conflicts in the evidence and sufficient facts before the jury' for reasonable individuals to draw different conclusions, to authorize the submission of the case to the jury on the question of negligence or contributory negligence.
In presenting their questions the appellants contend that the Court erred in submitting to the jury the issue of the defendant’s negligence, on the theory, if we understand the brief, that having pleaded contributory negligence the defendant admitted his own negligence and as he showed no negligence on ' the part of the plaintiffs they should have prevailed.
There is no need to pursue this theory or to discuss further the principle announced in Green v. Atlantic Co., Fla., 61 So.2d 185, because of what transpired in *280 this case. In the first place, as has been seen from the simple statement of fact the kind and degree of negligence chargeable to the defendant coincided with the kind and degree of negligence attributable to the plantiffs. Everybody either failed to look, or, looking, failed to see. In the second place, the Court could not be said to have erred in letting the jury decide the issue when there was no motion by the plaintiffs for a directed verdict, no withdrawal of any issues framed by the pleadings, and no objection by the plaintiffs to the charges submitting the issues of original, sole and contributory negligence to the jury. In the third place, there was sufficient evidence before the jury to justify the verdict rendered by them, and such verdict will not be disturbed on appeal. The judgment has been reviewed by the Circuit Judge on a motion for new trial and such motion was denied.
The record shows that the required procedure with reference to instructions to the jury was strictly complied with. A conference was 'had with the trial Judge by the attorneys representing the respective parties. After this conference they were notified of the instructions to be given and at the proper time the trial Judge instructed the jury. No complaint was made by the attorneys for the plaintiffs in the Court below until the filing of a motion for new trial. One of the grounds for the motion for new trial was “the Court erred in instructing the jury generally, and particularly, in connection with the Court’s charge regarding contributory negligence.” This general ground of the motion for new trial did not arise “as the result of any adverse ruling where a timely objection had been made at the trial and. a ruling secured thereon by the trial Court.” The attempt to raise this question for the first time in the motion for new trial, under the circumstances shown in this case, was too late. See Howland v. Cates, Fla., 43 So.2d 848, Camp Phosphate Co. for use of and Benefit of Dudley v. Stokes, Fla., 41 So.2d 340, and Jarkesy v. Daniels, Fla., 58 So.2d 516. Even if the general ground concerning charges to the jury was sufficient and had not been too late,, there was no error in the charges as given. We have read and considered all of the charges and the law appears to have been fairly presented to the jury with reference to the questions before them. Greiper v. Coburn, 139 Fla. 293, 190 So. 902.
We have been directed to no error either in procedure or form.
Affirmed.
ROBERTS, C. J., and TERRELL and' SEBRING, JJ., concur.