PEARSON, Chief Judge.
The appellants are Marvin J. Hancock, a minor by and through his father and next friend, Marvin Hancock, Sr., and Marvin Hancock, Sr., individually. They were the plaintiffs in the trial court. The appellant Marvin J. Hancock, Jr., the minor, suffered a verdict at the hands of the jury which read, “We, the jury, find for the plaintiff, Marvin J. Hancock, Jr., and assess his damages in the sum of zero dollars.” The same jury as a part of the same verdict form returned a verdict for the father in the sum of $394.00. This appeal is from the final judgment for zero dollars rendered for the minor plaintiff and the sole error assigned is the denial of appellant’s motion for a new trial on the issue of damages. We reverse.
The complaint filed on behalf of the son by the father sought damages for a broken leg suffered by the son when roof trusses stored on appellee’s home construction site fell on the son while he was playing in the area. The salient grounds of the motion for new trial are as follows:
“4. The verdict is contrary to the law and the evidence in that the jury, in rendering its verdict, obviously did not consider all of the elements of damages to which the minor plaintiff was entitled and thereby disregarded damages to the minor plaintiff for the personal injuries and for pain and suffering in the past and future.
“5. The jury, by returning a verdict in the exact amount of the medical bills *212 in favor of the plaintiff, MARVIN HANCOCK, SR., found against the defendants, JOSEPH M. SMITH and DOROTHY SMITH, on the issue of liability. However, the jury, by returning a verdict in the amount of zero dollars in favor of the plaintiff, MARVIN J. HANCOCK, JR., returned a verdict that is contrary to the law and the evidence and the Court’s charge in that the jury disregarded the damages to the minor plaintiff for personal injuries and past, present, and future pain and suffering.”
The trial court properly instructed the jury at plaintiff’s request according to Florida Standard Jury Instructions 6.2, 31 F.S.A., which includes the fixing of compensation for pain and suffering. It is clear therefore, that the trial judge should have granted the motion for a new trial inasmuch as the jury could not have reached its decision as to zero dollars for pain and suffering in this case except by a disregard of the trial court’s instructions.
We need not discuss the law involved since the matter has been recently and fully discussed in the reported cases of Griffis v. Hill, Fla.1970, 230 So.2d 143; and in Grossman v. Short, Fla.App.1970, 235 So.2d 11. cf. Anastasio v. Summersett, Fla.App.1969, 217 So.2d 854. In the last cited case, it is clear that the basis for the decision was that a jury of reasonable men could not have concluded that there was not in fact injury. In the present case, there is no ground for a jury of reasonable men to hold that the plaintiff was not in fact injured because that jury found that the child was negligently injured when it rendered a verdict for the father against the defendants, Joseph M. Smith and Dorothy Smith, his wife.
Reversed and remanded with directions to grant the appellant Marvin J. Hancock, Jr., a minor, by and through his father and next friend, Marvin Hancock, Sr., a new trial upon the issue of damages only.
Reversed and remanded with directions.