KIRKLAND, THOMAS E., Associate Judge.
Appellant, Linda Gordon, Plaintiff below in a hospital negligence action, seeks review of an adverse Order vacating a jury verdict and Final Judgment rendered in her favor, and granting Appellee Defendant hospital a new trial.
Appellant fell through a plate glass door, seriously injuring her left knee. This injury necessitated a series of operations, culminating in an operation in Appellee’s hospital to remove Appellant’s kneecap. As in the previous operations, Appellant was given a general anesthetic and after-wards, medication for pain. The day after this operation, Appellant, who had been in *235 structed by her doctor to be up and about as soon as possible, rang for a nurse to assist her to the bathroom. A student nurse of three months experience, Miss Walleah Walker, responded. She helped Appellant to the bathroom, helped her to seat herself on the toilet and, telling Appellant to call her when ready to leave, closed the bathroom door and stood outside. When Appellant had finished, she pulled herself up to a standing position and called to Miss Walker. The nurse opened the door and was handing Appellant her crutches when Appellant suddently felt dizzy, fainted and fell to the floor landing on her buttocks and fracturing her sacrum.
The first ground for granting the new trial was that it was error to charge the jury on the doctrine of last clear chance.
This case was tried prior to Hoffman v. Jones, Fla.1973, 280 So.2d 431 and was submitted to the jury with a contributory negligence charge. The last clear chance charge was requested by Plaintiff to avoid the complete bar of contributory negligence. However, there was little, if any, evidence of negligence on the part of the Plaintiff, so the giving of the charge, if error, was harmless and a new trial cannot be granted for this reason. See, Connolly v. Steakley, Fla.1967, So.2d 524. At the charge conference, the attorneys for both parties agreed on the giving of this charge and no exception was taken by the Appellant. Appellant certainly is not now in position to complain about the charge. See, Florida Rules of Civil Procedure, 1.470(b), and Berger v. Nathan, Fla.1953, 66 So.2d 278.
Where both parties agree on the charge, a new trial should not be granted unless the charge resulted in a gross miscarriage of justice. This was not the case here.
The second ground for the granting of the new trial was that the verdict was grossly excessive. The verdict was for $150,000.00. Plaintiff was 16 years old at the time of the accident. Her medical bills were $18,000.00. She had four serious and painful operations which failed to relieve her pain and left her with an estimated permanent physical impairment of 25 to 30 percent of her body. She had to wear a back brace for a considerable length of time and had loss of wages and earning capacity. There is ample evidence to support the verdict.
Prior to the trial, this case was noticed by the Clerk for dismissal for failure to prosecute and that dismissal was denied by the Court. The record shows the Court did not abuse its discretion.
This cause is remanded for reinstatement of Plaintiff’s judgment.
Reversed and remanded.
WALDEN and MAGER, JJ., concur.