304 So.2d 469 (1974)
John M. SHANK and Dixie Auto Insurance Company, a Foreign Corporation, Appellants,
v.
Konstantinos Ioannis FASSOULAS, a Minor, by and through His Father and Next Friend, John Fassoulas, et al., Appellees.
No. 74-383.
District Court of Appeal of Florida, Third District.
December 10, 1974.
*470 Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, and Thomas E. Scott, Miami, for appellants.
Brumer, Moss, Cohen & Rodgers, and Burt E. Redlus, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
The defendants in the trial court are appealing an order by the trial court granting a new trial on all issues. By a cross-appeal, the plaintiffs contend a new trial should be held only on the issue of damages.
This action stems from an automobile-pedestrian accident in which the plaintiff, Konstantinos Fassoulas, a minor under six years old, was struck by an automobile driven by defendant, John Shank.
The jury returned the following verdict at the conclusion of the case:
"We, the Jury, find for the Plaintiff, Konstantinos Ioannis Fassoulas and assess His damages in the sum of none ($0) Dollars, and for the Plaintiff John Fassoulas and assess His damages in the sum of One Thousand Five Hundred and no/100 ($1,500.00) Dollars, and for the Plaintiff Edith Fassoulas and assess Her damages in the sum of none ($0) Dollars... ."
Thereafter, both parties filed motions for a new trial, and the court granted a new trial finding that the verdict in favor of the plaintiffs was inconsistent and unsupported by the law or the facts.
The defendants now submit that the court erred by granting a new trial because the plaintiffs did not object to the inconsistent verdict prior to discharge of the jury. Further, defendants argue that the court should *471 have entered a final judgment in accordance with the verdict which was reasonable in light of the law and the evidence.
Defendants cite Lindquist v. Covert, Fla. App. 1973, 279 So.2d 44 and Higbee v. Dorigo, Fla. 1953, 66 So.2d 684, as support for their contention that the trial court could not grant a new trial on the ground that the verdict was inconsistent, where the plaintiffs failed to object to the form of the verdict before the jury was discharged.
We find that neither case supports the defendants' contention. Each signifies that where a party has not timely objected to the form of a verdict, that point has not been properly preserved for purposes of appellate review.
We do not construe either case to diminish the authority of the trial judge to grant a motion for a new trial in the exercise of his sound discretion, even if no objection has been asserted in a timely manner.[1]
With respect to the defendants' next assertion that the verdict was reasonable, we think this case resembles both Pickel v. Rosen, Fla.App. 1968, 214 So.2d 730 and Hancock v. Smith, Fla.App. 1971, 248 So.2d 211, involving similar inconsistent verdicts.
In our view, the holdings in each of these cases, decided by this court, clearly justified the action taken by the court in granting a new trial.
By their cross-appeal, however, the plaintiffs point out that in Pickel v. Rosen, supra, and Hancock v. Smith, supra, this court remanded for a new trial on damages alone. Therefore, it is urged that the trial court should not have ordered a re-trial on all the issues including liability in this case.
We disagree because from the record and the defendants' brief it is clear that the liability issues were a hotly contested feature of the previous trial. Both during and after trial, the defendants moved for directed verdicts on liability.
It is our determination that Shank's liability for negligence was not unequivocally established in the first trial so as to foreclose a new trial on that issue. Remsburg v. Mosley, Fla. 1952, 58 So.2d 432; Lawson v. Swirn, Fla.App. 1972, 258 So.2d 458; 1661 Corporation v. Snyder, Fla.App. 1972, 267 So.2d 362.
For the foregoing reasons, the order appealed is affirmed, and the cause is remanded to the trial court for a new trial on all issues.
Affirmed.
NOTES
[1] We note that in their motion for a new trial the basic legal grounds urged by the plaintiffs was that the verdict was "inadequate." It was the court's conclusion that the verdict also was "inconsistent." To urge in a motion for a new trial that a verdict either was inadequate or excessive is certainly not an unusual ground for a new trial. The mere fact that the court on its own initiative [See, RCP 1.530(d)] employs the word "inconsistent" should not be sufficient to trigger a waiver against the plaintiffs.