338 So.2d 1323 (1976)
ROSE'S STORES, INCORPORATED and Edward S. Rose, Appellants,
v.
Pearl MASON, Appellee.
No. 76-1059.
District Court of Appeal of Florida, Fourth District.
November 12, 1976.
Ronald S. Webster, Whittaker, Pyle & Stump, Orlando, for appellants.
No appearance for appellee.
ALDERMAN, Judge.
This is an appeal from an order of the Circuit Court of Seminole County granting appellee's motion for new trial. Appellee, the plaintiff below, sued appellants for false imprisonment. The jury's verdict was for the appellants. After entry of final judgment, the trial court granted appellee's motion for new trial, reciting that it had "erred in failing to instruct the jury directly that a protest on the part of the plaintiff was not an element of the cause of action for false imprisonment."
The transcript shows that at the charge conference appellee's requested instruction on false imprisonment was accepted and later read to the jury by the judge. There was of course no objection by appellee to the use of her own instruction. After the jury retired it later returned to the courtroom with a request for "a reading on the law for stores to be able to detain people, and probable cause." The judge was asked a somewhat ambiguous question by a member of the jury: "Pertaining to the law and false imprisonment or detention, does that *1324 only pertain when the individual makes it known that they do not wish to be detained? In other words, when they are being detained against their own free will?" In response the judge re-read the instruction on false imprisonment. The same juror (Mr. Barrett) who had asked the previous question then asked, "In order to have false imprisonment or detention to take place, the person has got to be detained in a room or whatever against their will?" Another juror said she thought Mr. Barrett was trying to ask if there had to be an oral protest by the allegedly imprisoned party. Mr. Barrett then said that the jury could probably make up its mind if it heard the instruction on false imprisonment again, whereupon the judge read that part of the charge for the third time. There was no objection by appellee to the court's failure to state whether an oral protest to detention was necessary. Later the appellee made that omission the ground for her motion for a new trial.
Fla.R.Civ.P. 1.470(b) provides in part: "No party may assign as error the giving of any charge unless he objects thereto at such time or the failure to give any charge unless he requested the same." As a general rule, in order to preserve an alleged ground for a new trial, an objection must be made at the time the event occurs. Miller v. Pace, 71 Fla. 274, 71 So. 276 (1916); Omer Corp. v. Duke, 211 So.2d 48 (Fla. 3d DCA 1968). This is true in reference to a motion for new trial based upon the ground that the trial court failed to properly instruct the jury. Berger v. Nathan, 66 So.2d 278 (Fla. 1953); Gordon v. St. Mary's Hospital, Inc., 305 So.2d 234 (Fla. 4th DCA 1974).
We have reviewed the instruction given in this case and find that it does not omit or misstate any essential element of the tort of false imprisonment. Counsel for both parties, as well as the jury, appeared to be satisfied after the instruction on false imprisonment had been read for the third time. The jury was fully informed that the alleged restraint of the appellee had to be against her will in order to constitute false imprisonment. There was no insinuation that she had to make an oral protest before she could claim to be falsely imprisoned against her will. The trial judge could have answered the juror's question directly, but in the absence of any objection on the part of the appellee, we cannot say that his failure to answer was fundamental error as would justify the granting of a new trial. Cf. Christian v. State, 272 So.2d 852 (Fla. 4th DCA 1973).
We conclude that the trial court abused its discretion in granting appellee's motion for new trial. REVERSED and REMANDED with instruction that final judgment be entered in favor of appellants.
MAGER, C.J., and CROSS, J., concur.