367 So.2d 1073 (1979)
Katie C. BISHOP, Mueller Christian Academy, and Preferred Risk Mutual Insurance Company, Appellants,
v.
Virginia WATSON and Donald Watson, Appellees.
No. 78-740.
District Court of Appeal of Florida, Third District.
February 13, 1979.
Rehearing Denied March 16, 1979.
*1074 Ligman, Martin, Shiley & McGee, Coral Gables, Jeanne Heyward, Miami, for appellants.
William Huggett and Theodore M. Kraft, Miami, for appellees.
Before KEHOE and SCHWARTZ, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is an appeal by the defendants below from an order granting a new trial. We find error, and reverse.
The appellees, Virginia Watson and Donald Watson, her husband, filed an action against Katie C. Bishop, Hialeah Christian Church, Inc., and Preferred Risk Mutual Insurance Company. The complaint alleged that Virginia Watson (herein referred to as the plaintiff) received permanent injuries caused by negligence of the defendant, Katie C. Bishop, while driving an automobile owned by the defendant church corporation. By a subsequent order entered on stipulation, Mueller Christian Academy was substituted for defendant, Hialeah Christian Church, Inc., as being the owner of the automobile, of which the defendant insurance corporation was alleged to be the indemnity liability insurer. The plaintiff, Donald Watson, sought derivative damages.
The defendant, Katie Bishop, filed a counterclaim against Virginia Watson and against her insurer, Main Insurance Company, joined as a third party counter-defendant. Therein Bishop alleged she received permanent injuries as a result of the negligent driving of an automobile by the plaintiff. The counterclaim was severed for separate subsequent trial, and the cause went to trial on the plaintiff's action.
The accident was a collision of automobiles being driven by the plaintiff and the defendant Katie Bishop. It occurred in a street intersection at which traffic was controlled by traffic lights.
At the trial, each of the drivers testified she had the benefit of a green light. Each had two supporting eyewitnesses. The witnesses who testified that the defendant had the green light were telephone company employees who had been working in the area and whose names as witnesses were obtained by police investigating the accident. The witnesses who testified that the plaintiff had the green light had not given their names to the parties or police at the time of the accident, but appeared in response to a newspaper advertisement seeking witnesses to the accident, which advertisement had been placed more than a year after the occurrence.
As was its prerogative and duty, the jury resolved the conflicts in the evidence. The verdict rendered was in favor of the defendants. The plaintiffs timely filed a motion and supplemental motion for new trial.
The trial court considered two grounds presented in plaintiffs' motions. One, stated in the motion for new trial, was as follows:
"3. The Court erred in failing to allow the Plaintiffs to cross-examine the Defendant, KATIE BISHOP, on the various doctors she had seen and the attention she had received when the subject of her *1075 injuries was raised initially by her attorney. The central issue of this case was credibility and this cross-examination goes directly to the credibility of the defendant."
The other ground, stated in the supplemental motion, was the following:
"Defendant's counsel made prejudicial, inflammatory and false statements in final argument. Some of these were objected to and sustained by the Court. The falsity and prejudicial nature of others were stated too quickly to and have become apparent upon hindsight."
In the order granting new trial, the court held the ground relating to cross-examination was without merit. The situation underlying that ground was that when the defendant Katie Bishop appeared at the trial she was walking with the aid of two canes. On direct examination she testified that she had not had any problem in walking prior to the accident. The court precluded the plaintiff from cross examination relating to injuries of the defendant Katie Bishop, and as to her prior medical treatment, ruling such were not material in the plaintiff's action for damages. We hold, as did the trial judge, that the above-mentioned ruling at trial did not constitute legal basis for the granting of a new trial.
Statements of defendants' counsel in final argument which were basis of the other above-quoted ground were as follows:
"Remember, she wants $100,000 so she has got an interest in this case. She doesn't want anything. So, she is here. You remember now, she is looking for $100,000.
* * * * * *
"It's a red light case. There's four witnesses to be considered. I don't consider her testimony to be really something that you should consider because she is looking for $100,000.
"But, to make the score even, let's say that Katie Bishop had some interest in this case, but I can't think of, but maybe she does. Let's discount her testimony. We have supposedly four independent witnesses."
From those statements inferences could be drawn that the interest of the defendant Bishop in the outcome of the case was less than that of the plaintiff, thereby implying greater credibility to the former as a witness. Those statements as to difference in interest of parties were not correct, because the defendant Bishop had filed her counterclaim for damages, which fact was not disclosed at the trial.
The trial court was of the view that by reason of those statements of her attorney in final argument, the defendant Katie Bishop gained a personal credibility advantage to an extent that required the granting of a new trial. We cannot agree.
At trial, plaintiffs' counsel made no objection when those statements were made in argument by defendants' counsel; nor did plaintiffs' counsel move the court to instruct the jury to disregard the same. The trial court took no voluntary action with reference thereto. The question of the propriety of the statements or as to inaction of the court, raised first in moving for new trial, came too late.[1]
Upon reading the order granting new trial, it is not clear upon what ground the court granted the new trial. In dealing with the ground of the motion relating to the statements of counsel for defendant in argument, the trial court's order contains the following:
"This error relied upon in the Supplemental Motion for a New Trial is deemed to be without merit by the Court however, it will be relied upon in the hope that if this Order becomes the subject of appellate review, that the appellate court will address itself to the question of the trial judge initiating, without objection on the part of an attorney, such action as is necessary to admonish an offending attorney *1076 of improper questions to a witness or improper statements to a jury in closing argument. The Plaintiff in his Memorandum of Law suggests that it was the duty of this trial court to initiate, without objection on the part of counsel, such action when defense counsel's argument was improper on this record. * * *
* * * * * *
The contention by the Plaintiff that the Court should have, on its own initiative, admonished counsel for the Defendant with respect to those closing remarks he made to the jury in this case which were improper is rejected although, had objections been made by Plaintiffs' counsel, they would have been sustained in many instances as is related to those portions of argument made by Defendants' counsel which were complained of by the Plaintiff in his argument in support of his Supplemental Motion for New Trial."
From the foregoing, it appears the trial court considered the plaintiffs' claim of error based on the statements of defendants' counsel in argument to be without merit, and that the court rejected the plaintiffs' contention that on its own initiative the court should have admonished counsel for such statements made in argument.
It is important to note that no objection was made to the statements of defendants' counsel when they were made at trial. To the extent that they may have presented an incorrect statement of fact, it was the duty of the court to give a cautionary instruction thereto, even in the absence of objection. But unless they should amount to fundamental error, which they did not in this instance, in the absence of timely objection thereto, and with the court having taken no action at trial with reference to the statements, they could not constitute basis for new trial, either on motion for new trial[2] or on appeal.[3]
Here, on motion for new trial, the error that was claimed by plaintiff (who did not object at trial) was that the trial court failed to admonish counsel for defendant, and the order of the court shows that if objections had been made to such statements of defendants' counsel, the action which the court would have taken would have been to sustain the objections (and presumably to have given the jury a cautionary instruction to disregard).
If, for the making of such remarks by defendants' counsel in his final argument the verdict would not have been set aside or otherwise affected if timely objection had been made or if the court voluntarily had taken action with reference thereto at trial, why should such remarks when complained of for the first time on motion for new trial be basis for setting aside the verdict and granting a new trial? According to the law, they should not. See citations in footnotes 1 and 3.
In Baggett v. Davis, 124 Fla. 701, 169 So. 372, 379 (Fla. 1936), the Supreme Court, quoting from Akins v. State, 86 Fla. 564, 98 So. 609, 612 (1923), said:
"The law seems to be well settled that it is the duty of the trial judge, whether requested or not, to check improper remarks of counsel to the jury, and to seek by proper instructions to the jury to remove any prejudicial effect they may be calculated to have against the opposite party. A verdict will not be set aside by an appellate court because of such remarks or because of an omission of the judge to perform his duty in the matter, unless objection be made at the time of their utterance. This rule is subject to the exception that, if the improper remarks are of such character that neither rebuke nor retraction may entirely destroy their sinister influence, in which event a new trial should be awarded regardless of the want of objection or exception."
*1077 The broad discretion of a judge in granting a new trial becomes limited and is drained of force when the question of the propriety of the granting of the new trial is one of law, and relates to the legal sufficiency of the ground or reason for granting the new trial. Boutwell v. Bishop, 194 So.2d 3, 6 (Fla. 1st DCA 1967); National Western Life Ins. Co. v. Watters, 216 So.2d 485 (Fla. 3d DCA 1968); City of Hollywood v. Jarkesy, 343 So.2d 886 (Fla. 4th DCA 1977).
This case was decided by a jury on conflicting evidence, and there is no contention that the evidence was insufficient to support the verdict. The statements of defendants' counsel in final argument were not evidence, and twice in the court's charges the jury was instructed that their verdict should be based on the evidence.[4]
In moving for new trial, and in argument here, the plaintiff did not contend that such remarks of defendants' counsel constituted fundamental error. Likewise, as revealed by the order granting new trial, the trial court did not regard the remarks as having created fundamental error, but only as being such as to have merited objection, and to have been deserving of a cautionary instruction to disregard. The failure of counsel for plaintiff to have objected to the questioned remarks of defendants' counsel in argument, and, in the absence of objection thereto by counsel, failure of the court to have admonished defendants' counsel therefor or to have instructed the jury to disregard such remarks were not legal basis to set aside the verdict and grant a new trial in this case. Baggett v. Davis, supra.
The order granting new trial is reversed, and the cause is remanded for entry of judgment on the verdict.
NOTES
[1] Miller v. Pace, 71 Fla. 274, 71 So. 276 (1916); Berger v. Nathan, 66 So.2d 278, 280 (Fla. 1953); Omer Corporation v. Duke, 211 So.2d 48 (Fla. 3d DCA 1968); Rose's Stores, Inc. v. Mason, 338 So.2d 1323, 1324 (Fla. 4th DCA 1976).
[2] See citations in footnote 1.
[3] Baggett v. Davis, 124 Fla. 701, 169 So. 372, 379 (1936); Smith v. Jackson County, 134 Fla. 354, 183 So. 738 (1938); Tyus v. Apalachichola Northern Railroad Company, 130 So.2d 580, 587 (Fla. 1961); Carlton v. Johns, 194 So.2d 670, 674 (Fla. 4th DCA 1967); Dixie-Bell Oil Company, Inc. v. Gold, 275 So.2d 19, 21 (Fla. 3d DCA 1973).
[4] "It is your duty as jurors to consider and weigh the evidence, to decide the disputed issues of fact, and to apply the law to the facts as you find them from the evidence."

 and 
"Your verdict must be based on the evidence that has been received, and the law on which I have instructed you."