PEARSON, Judge.
Appellants Stamatia C. Bickford and Roy Bickford, defendants in the trial court, received a jury verdict which was set aside by the trial judge who, on his own motion, awarded the plaintiffs a new trial on the grounds that the court had inadvertently failed to charge the jury on Section 627.-737(2)(e), Florida Statutes (1977).
On this appeal, it is first urged that the trial court lacked jurisdiction to enter *173 the order. We hold that the trial court had jurisdiction pursuant to Florida Rule of Civil Procedure 1.530(d).[1]
It is next urged that it was error for the trial judge to grant a new trial on the ground of his failure to give a portion of an instruction that he had previously indicated he would give, where the plaintiff failed to object at trial, thereby waiving the error. In Shank v. Fassoulas, 304 So.2d 469 (Fla. 3d DCA 1974), we pointed out that the authority of the trial judge to grant a new trial because of his failure properly to instruct the jury is not limited to instructions which are objected to. Further, we are unable to construe the appellees’ failure to do more than call the court’s attention to its oversight, at the time the instruction was given, as a waiver of the trial judge’s authority to grant a new trial upon his finding that the error may have caused confusion or oversight by the jury.
We must also consider whether, under the circumstances of this case, the trial judge had a reasonable ground to find that the error in instructions could have affected the jury’s verdict. This is, of course, an area where the trial judge is at the scene and his determination in the matter is entitled to the greatest weight. See Mills v. Redwing Carriers, Inc., 127 So.2d 453 (Fla. 2d DCA 1961).
Our examination of the record convinces us that the evidence supported the giving of the charge.
Affirmed.

. “(d) On Initiative of Court. Not later than ten days after entry of judgment or within the time of ruling on a timely motion for a rehearing or a new trial made by a party, the court of its own initiative may order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party.”