384 So.2d 906 (1980)
Bismark DIAZ and Bis D. Corporation, Etc., Appellants,
v.
Osmel R. RODRIGUEZ, et Ux., Appellees.
No. 79-1215.
District Court of Appeal of Florida, Third District.
June 3, 1980.
As Modified On Denial of Rehearing July 7, 1980.
Daniels & Hicks and Mark Hicks; Roger A. Bridges; Sams, Gerstein & Ward and Murray Sams, Jr., Miami, for appellants.
Keith, Mack, Lewis & Allison and John R. Allison, III, and Kim R. Blackman, Miami, for appellees.
Before SCHWARTZ and DANIEL PEARSON, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
SCHWARTZ, Judge.
The appellants-defendants claim error in the fact that allegedly relevant testimony of a witness they called at trial was not presented to the jury. We do not reach the merits of this contention because the issue was not properly preserved below. The record shows that the defendants acquiesced to the trial court's preliminary indication of a ruling by voluntarily withdrawing *907 the witness from the stand; 3 Fla. Jur.2d Appellate Review 292-293 (1978), and, more important, that they did so without informing the court that they wished to elicit the particular testimony now in question, much less indicating the grounds upon which that evidence was deemed pertinent and admissible. Thus the trial court was never given an opportunity at the trial to rule on the contentions which are now before us. Since this is true, under familiar principles of appellate review this court may not consider them either. 3 Fla.Jur.2d Appellate Review § 92 (1978).
The appellants suggest that they made the required offer of proof and showing of admissibility in the post-trial proceedings. This was too late.[1] The very purpose of preserving error below by affording the trial court a chance to consider the particular issue is specifically to obviate a new trial. Since the jury may well have rendered the same verdict even if the court had ruled favorably on that issue, allowing a party to present a new claim after the jury has ruled against him would amount to an impermissible sandbagging of his theretofore successful opponent  and the trial judge as well. See Corbett v. Dade County Board of Public Instruction, 372 So.2d 971, 974-75, n. 3 (Fla.3d DCA 1979). It follows that any initial attempt to call a matter to the court's attention subsequent to the trial, so that another one would be required if the trial judge then agreed, is necessarily untimely. See Bishop v. Watson, 367 So.2d 1073 (Fla.3d DCA 1979) (timely objection rule applicable to motion for new trial).
Affirmed.
NOTES
[1] The timeliness of a proffer of evidence which has been excluded at trial is not involved here. Different considerations may apply to that issue, since the function of such a proffer is solely to demonstrate to the appellate court that the litigant has been harmed by a trial court ruling. See 3 Fla.Jur.2d Appellate Review § 93 (1978). The problem in the case at bar is that the trial judge never made a ruling at all on the now-critical issues.