HENDRY, Judge.
This is an appeal by defendants below from an order of the Circuit Court of Dade County, Florida granting plaintiffs a new trial. Plaintiffs have cross-appealed.
The appeals arise out of an action for damages brought by the minor plaintiff and his mother against the defendants charging the individual defendants with negligence that resulted in injuries to the minor, who was operating a dune cycle (having purchased a ticket for such purpose from the operators of the amusement park). The cause went to trial on the issues of the alleged negligence of the individual defendants and the comparative negligence of the minor plaintiff. Each of the parties denied the negligence charged. At trial, a special interrogatories verdict was submitted to the jury. The defendants were found by the jury to be twenty-five per cent negligent and the minor plaintiff to be seventy-five per cent negligent. They found the minor’s damages to be $25,000 and the mother’s damages to be $7,500. The trial judge entered final judgment for the minor in the sum of $6,250 (being twenty-five percent of the $25,000 damage award to him), and the sum of $1,875 for the mother (twenty-five per cent of the damages awarded her). The plaintiffs filed a motion for new trial on the grounds that the trial court failed to instruct the jury that they were not to make any reduction in the damage award based on the amount of negligence attributable to the minor. The court granted the motion for new trial and entered the following order:
THIS CAUSE came on to be heard upon the plaintiffs’ Motion for New Trial and the Court having heard argument by counsel and being duly advised in the premises, it is:
ORDERED & ADJUDGED that the plaintiffs’ Motion for New Trial be and the same is hereby granted on the *419 grounds that the Court failed to instruct the jury that in determining the total amount of damages sustained by the plaintiff, no reduction in same should be made because of the negligence, if any, of RAYMOND STANTON. As further grounds for granting the Motion for New Trial, the Court deleted the following language from the “Verdict Special Interrogatories” submitted by the plaintiffs as identified as Exhibit “A” attached to the Motion for New Trial:
In determining the total amount of damages, do not make any reduction because of the negligence, if any, of RAYMOND STANTON. If you have found RAYMOND STANTON negligent in any degree, the court in entering judgment will reduce RAYMOND STANTON’s total amount of damages (100%) by the percentage of negligence which you found is chargeable to RAYMOND STANTON.
DONE & ORDERED in Chambers at Miami, Dade County, Florida, this 7 day of August, 1979.
Thomas A. Testa
JUDGE, CIRCUIT COURT
It is from this order granting a new trial to plaintiffs that defendants have appealed.
Defendants contend that the trial court erroneously granted plaintiffs’ Motion for New Trial. They argue that the mere failure of the trial court to give instructions included in the Standard Jury Instructions does not amount to reversible error: That the trial judge had correctly determined at the charge conference that the “no reduction” charge was superfluous (therefore, a new trial should not have been granted for the failure to give an instruction which was unnecessary, especially when the instructions that were given fairly presented the law to the jury); that plaintiffs may not complain, since that portion of the charge was given at their request. Defendants further argue that, since the trial judge specifically asked the jury whether the amounts that they had calculated were the total amounts to be awarded, their affirmative answer showed that the jury was not misled by the instructions as a whole. Additionally, it is argued that plaintiffs, by failing to object to the proposed instructions at the charge conference, waived any error in the verdict’s form. Lastly, defendants argue that even if there was error in the charge to the jury or in the verdict form warranting a new trial, the new trial should be limited to the question of damages, and that the previously determined comparative negligence found by the jury should then be applied to the new total.
We have carefully considered defendants’ argument and the cases cited in support of a reversal of the trial court’s order granting a new trial and have concluded that it was not reversible error for the trial court to grant the new trial.[1] However, the court erred (1) in failing to limit the issues upon retrial to damages only, and (2) in omitting from the order for new trial the proviso that the total damages found for the minor plaintiff upon retrial would be reduced by the amount of the minor plaintiff’s previously determined comparative negligence of seventy-five per cent. See Adkins v. Seaboard Coast Line R.R., 351 So.2d 1088 (Fla. 2d DCA 1977).
Other points on appeal and cross-appeal have been considered and found to be without merit. Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla.1980); Castlewood International Corp. v. LaFleur, 322 So.2d 520 (Fla.1975); Bickford v. Wall, 371 So.2d 172 (Fla. 3d DCA 1979), cert. denied 381 So.2d 764 (Fla.1980).
Accordingly, the order granting plaintiffs’ Motion for New Trial is affirmed with directions that the new trial be limited to the issue of damages and that the total damages found on the second trial be reduced by the amount of the minor plaintiff’s previously determined comparative negligence of seventy-five per cent.
*420 Affirmed in part and reversed in part, with directions.

. An instruction which tends to confuse rather than enlighten the jury is cause for reversal if it may have misled the jury and caused them to arrive at a conclusion that otherwise they would not have reached. Allstate Insurance Co. v. Vanater, 297 So.2d 293 (Fla.1974).