**Jackson v. Sears, Roebuck & Company, et al.**
Case No. 81-4510-CA-24
**Rivers v. Sears, Roebuck & Company, et al.**
Case No. 81-6776-CA-24
(Consolidated)
Eleventh Judicial Circuit, Dade County
July 9, 1982

George E. Gelb, for plaintiff.

Steven Kent Hunter, for defendant.

EDWARD KLEIN, Circuit Judge

---

THIS CAUSE came on to be heard on May 12, 1982, upon plaintiff, ARLEE JACKSON'S Motion for New Trial, Supplemental Motion for New Trial, plaintiff, MUGGE RIVERS' Motion for New Trial, and the Court, having examined the file and having heard argument of counsel for the respective parties, and having recollected the trial statements of the attorneys, and having reviewed transcripts of same, and the Court, being fully advised in the premises,

THE COURT FINDS:

1. That defense counsel stated the following during his opening statement at trial:

> "Well, suffice it to say, that three and a half years later a mysterious witness appeared in the case, and they asked Judge Klein to let that witness testify, and Judge Klein ruled that they couldn't, and took a voluntary dismissal of this case on the eve of trial".

2. That the defense subsequently presented no live testimony as part of its case in chief. The defense, as part of its case in chief, introduced hospital records as Exhibit "A", photographs as Exhibit "B". Defense counsel then made the following announcement in the presence of the jury as part of its case in chief:

Mr. Hunter: "We would like the Court to take judicial notice and so instruct that the complaint was voluntarily dismissed by both plaintiffs."

The Court: "Mr. Hunter, that has absolutely no bearing on this case, and members of the jury disregard what he just said. Scratch it. Ignore it. It's completely irrelevant and immaterial to what we're here for."

Mr. Hunter: "We would, I don't want to say something like that again. I'll offer this at side bar."

3. That the remarks of defense counsel stated in paragraphs 1 and 2 above were improper and their effect could not be erased by the instructions to the jury.

4. Such remarks serve no basis but to prejudically influence the jurors.

5. That this Court adopts the language of *Baggett v. Davis*, 124 Fla. 701, 169 So. 372, 379 (Fla. 1936) where the Florida Supreme Court, quoting from *Akin v. State*, 83 Fla. 564, 98 So. 609, 612 (1923), said:

"The law seems to be well settled that it is the duty of the trial judge, whether requested or not, to check improper remarks of counsel to the jury, and to seek by proper instructions to the jury to remove any prejudicial effect they may be calculated to have against the opposite party. A verdict will not be set aside by an appellate court because of such remarks or because of an omission of the judge to perform his duty in the matter, unless objections be made at the time of their utterance. This rule is subject to the exception that, if the improper remarks are of such character that neither rebuke nor retraction may entirely destroy their sinister influence, in which event a new trial should be awarded regardless of the want of objection or exception." (See also *Bishop v. Watson*, 367 So.2d 1073 (Fla. 3rd DCA 1979)).

6. That defense counsel's language quoted in paragraphs 1 and 2 above were remarks that neither rebuke nor retraction could entirely destroy their sinister influence.

7. That, furthermore, defense counsel stated the following during his closing argument at trial:

"Why did I have to call Mr. Mitchell? He's the only witness on the police report. He is the only witness that came forth at the time."

8. That it was improper for defense counsel to deliberately bolster his case by improperly injecting elements of the police report before the jury, F.S.A. 324.051(b); 316.066; 324.051(b), in light of the fact that the police officer investigating the accident did not testify at trial nor was the police report introduced into evidence. Furthermore, plaintiffs had called as a witness to the accident, a person whose name did not appear on the police report and defense counsel improperly brought this to the attention of the jury by his comments.

9. That defense counsel's statement regarding the police report was not inadvertent, but was a delibate tactic calculated to put before the jury by argument that which was totally inadmissible in evidence. *Albertson v. Stark*, 294 So.2d 698, 700 (Fla. 4th DCA 1974).

10.   That defense counsel's remarks regarding the witnesses appearing on the police report are such that neither rebuke nor retraction could entirely destroy their sinister influence. *Baggett v. Davis*, 124 Fla. 701, 169 So. 372, 379 (Fla. 1936); *Akin v. State*, 83 Fla. 564, 98 So. 609, 612 (1923); *Bishop v. Watson*, 367 So.2d 1073 (Fla. 3rd DCA 1979).

11.   That defense counsel's remarks regarding the police report influenced the cold neutrality of the jury and created a prejudicial misapprehension on the part of the jury. *Albertson v. Stark*, 294 So.2d 698, 700 (Fla. 4th DCA 1974).

UPON CONSIDERATION of the foregoing Findings of Fact and in light of a series of deliberate prejudicial comments made by defense counsel, thereupon it is

ORDERED AND ADJUDGED as follows:

I.   That plaintiffs' Motions for New Trial, and plaintiff, ARLEE JACKSON'S Supplemental Motion for New Trial be, and the same are hereby granted.

II.   That the Court grants a new trial in the above causes based upon the three comments made by defense counsel regarding the first filed complaints being dismissed, and "he's the only witness on the police report", because neither rebuke nor retraction could entirely destroy their sinister influence, and a new trial shall be held in the above cause.