433 So.2d 1319 (1983)
SEARS ROEBUCK & COMPANY, an Illinois Corporation, Allstate Insurance Company, an Illinois Corporation, Lonnie M. Perry, Individually and As Agent of Sears Roebuck & Company, an Illinois Corporation, Stan Conger, Individually and As Agent for Sears Roebuck & Company, an Illinois Corporation, Appellants,
v.
Arlee JACKSON and Mugge Rivers, Appellees.
No. 82-1548.
District Court of Appeal of Florida, Third District.
July 5, 1983.
*1320 Adams, Ward, Hunter, Angones & Adams and Steven Kent Hunter, Miami, for appellants.
George E. Gelb, Henry T. Courtney and David M. Verizzo, Miami, for appellees.
Before BARKDULL, HUBBART and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
The trial court granted a new trial to the plaintiffs-appellees on the ground that defense counsel made improper remarks in two instances during the trial, the effect of which, in the trial court's view, "could not be erased by the instructions to the jury."[1] The first of the remarks came in defense counsel's opening statement:
"Well, suffice it to say that three and a half years later a mysterious witness appeared in [the] case, and they asked Judge Klein to let that witness testify, and Judge Klein ruled that they couldn't and [they] took a voluntary dismissal of this case."[2]
The plaintiffs made no objection whatsoever to defense counsel's statement. Later, during the presentation of the defendants' case and in the presence of the jury, defense counsel asked the court to take judicial notice of the fact that the plaintiffs had taken a voluntary dismissal and to advise the jury of the judicially-noticed fact. The court, on its own initiative, responded:
"that has absolutely no bearing on this case and, members of the jury, disregard what he just said. Scratch it. Ignore it. *1321 It's completely irrelevant and immaterial to what we're here for."
The plaintiffs, apparently satisfied with the court's intervention and instruction, did not move for a mistrial. No other or further reference to this subject was made in the trial.
While we agree with the trial court that commenting on the plaintiffs having taken a voluntary dismissal was irrelevant to the issues in the case, we do not agree that such remarks were "of such character that neither rebuke nor retraction may entirely destroy their sinister influence... ." Baggett v. Davis, 124 Fla. 701, 717, 169 So. 372, 379 (1936) (quoting Akin v. State, 86 Fla. 564, 573, 98 So. 609, 612 (1923)), or, otherwise stated, so inflammatory as to extinguish the plaintiffs' right to a fair trial and to therefore constitute fundamental error. That being so, these remarks cannot be the basis for a new trial, absent, at least, a timely objection to the first remark, Bishop v. Watson, 367 So.2d 1073 (Fla. 3d DCA 1979), and a timely motion for mistrial directed to the second remark, see Cameron v. Sconiers, 393 So.2d 11 (Fla. 5th DCA 1980). See Seaboard Coast Line Railroad Company v. Burdi, 427 So.2d 1048 (Fla. 3d DCA 1983) (order granting new trial based on assertedly improper jury instruction and argument reversed where no objection made at trial and where instruction and argument proper in any event); Rose's Stores, Incorporated v. Mason, 338 So.2d 1323 (Fla. 4th DCA 1976) (order granting new trial based on assertedly improper jury instruction reversed where no objection to instruction made at trial); Gordon v. St. Mary's Hospital, Inc., 305 So.2d 234 (Fla. 4th DCA 1974) (same). See also Berger v. Nathan, 66 So.2d 278 (Fla. 1953) (no error in denying new trial where objection raised for first time in motion for new trial); Miller v. Pace, 71 Fla. 274, 71 So. 276 (1916) (same); Omer Corporation v. Duke, 211 So.2d 48 (Fla. 3d DCA 1968) (same); Park v. Belford Trucking Co., 165 So.2d 819 (Fla. 3d DCA 1964), cert. dismissed, 174 So.2d 398 (Fla. 1965) (same). Cf. Murray-Ohio Manufacturing Company v. Patterson, 385 So.2d 1035 (Fla. 5th DCA 1980) (mistrial motion directed to rebuttal portion of plaintiff's final argument made after jury retired to deliberate does not preserve for appeal issue of improper argument where argument not so inflammatory as to constitute fundamental error); Diaz v. Rodriguez, 384 So.2d 906 (Fla. 3d DCA 1980) (offer of proof and showing of admissibility made for first time at motion for new trial does not preserve for appeal issue that proof improperly rejected; "The very purpose of preserving error below by affording the trial court a chance to consider the particular issue is specifically to obviate a new trial." Id. at 907).
We are well aware of cases which contain language indicating that a new trial may be properly predicated on an error which is raised for the first time in the motion for new trial. A close examination of these cases reveals, however, that the "error" complained of was either one which could not have been brought to the trial court's attention any sooner than in the motion for new trial, see, e.g., Shank v. Fassoulas, 304 So.2d 469 (Fla. 3d DCA 1974), or one which was arguably fundamental, obviating the necessity for preservation, see, e.g., Easton v. Bradford, 390 So.2d 1202 (Fla. 2d DCA 1980), rev. dismissed, 399 So.2d 1141 (Fla. 1981); Southwestern Insurance Co. v. Stanton, 390 So.2d 417 (Fla. 3d DCA 1980); Bickford v. Wall, 371 So.2d 172 (Fla. 3d DCA 1979), cert. denied, 381 So.2d 764 (Fla. 1980). Thus, in Shank v. Fassoulas, the jury found the defendant negligent, but awarded no damages to the six-year-old plaintiff who was struck by the defendant's car. The plaintiff's motion for new trial asserted that the damages were inadequate. The trial court concluded not merely that a zero award to the plaintiff was inadequate, but that the failure to award the plaintiff any damages was also inconsistent with a $1,500 verdict for the plaintiff's father. On appeal, the defendant contended that the plaintiff's failure to object to the inconsistent verdict prior to the discharge of the jury waived his right to a new trial on that ground. As this court pointed out in Shank:
"We note that in their motion for a new trial the basic legal grounds urged by the *1322 plaintiffs was that the verdict was `inadequate.' It was the court's conclusion that the verdict also was `inconsistent.' To urge in a motion for a new trial that a verdict either was inadequate or excessive is certainly not an unusual ground for a new trial. The mere fact that the court on its own initiative [See, RCP 1.530(d)] employs the word `inconsistent' should not be sufficient to trigger a waiver against the plaintiffs." 304 So.2d at 471 n. 1.
While it is true that in Shank this court stated that the authority of the trial judge to grant a motion for a new trial in the exercise of his sound discretion is not diminished by the movant's failure to object in a timely manner, this statement must be considered as pure dictum in light of the fact that the ground for the motion for new trial could not have been asserted any sooner than in the motion and was thus properly preserved.
In Bickford v. Wall, 371 So.2d 172, we repeated the dictum of Shank, notwithstanding that, as the Bickford opinion itself recites, plaintiff's counsel timely called to the trial court's attention its failure to give the subject jury instruction. But that aside, the instruction omitted in Bickford went to the very heart of the plaintiff's theory of recovery and is the type of error that is fundamental, permitting it to be raised for the first time in a motion for new trial or, for that matter, for the first time on appeal. See Security Mutual Casualty Co. v. Bleemer, 327 So.2d 885 (Fla. 3d DCA 1976).
In Easton v. Bradford, 390 So.2d 1202, as in Bickford v. Wall, 371 So.2d 172, the omitted instruction was that a serious, nonpermanent injury of the statutorily defined duration would entitle the plaintiff to certain damages under the no-fault law. Although the court repeated the Shank dictum that the failure to object timely to the omission does not waive the objection for new trial purposes, it is once again apparent that omitting the instruction was fundamental error.
In Southwestern Insurance Co. v. Stanton, 390 So.2d 417, the trial court granted a new trial on the ground that it had failed to instruct the jury that they were not to make any reduction in the damage award based on the amount of negligence attributable to the minor plaintiff. The defendant contended that the plaintiff had waived this ground for a new trial by his failure timely to object to the charge as given. Again, because an instruction which may cause a jury to arrive at a verdict that they would not otherwise have reached can be considered fundamental error, Stanton stands for the exception to the rule.
What emerges from the seeming divergence between the authorities which hold that a new trial cannot be granted on a ground which was not preserved by timely objection and the authorities which hold that a trial court is empowered to grant a new trial even absent a timely objection is simply the consolidated rule that timely objection is as much a predicate for the grant of a new trial by the lower court as it is a predicate for reversal on appeal, unless the error can be said to be so fundamental as to extinguish a party's right to a fair trial.[3]
We know of no reason why a trial court should be given any greater power than an appellate court to grant a new trial based on a claimed but unpreserved error. The discretion which is said to be vested in a trial judge to grant a new trial and to which we give deference stems from his unique ability to determine, upon further reflection, whether, for example, he was correct in overruling or sustaining some objection, denying a mistrial, or giving or refusing to give a requested instruction, and whether, if incorrect, his ruling may have affected the fairness of the trial. This discretion, however, is to be exercised only with respect to preserved errors. Thus, if a *1323 trial judge, from his superior vantage point, grants a new trial in respect to a preserved error, we will reverse his order only upon a finding that he abused his discretion, even though had we reviewed that same preserved error on appeal, we, from our vantage point, might have decided that the error was not worthy of reversal and new trial. See Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980). But where the trial judge grants a new trial on the ground of an unpreserved error, he is not operating within the area of his discretion, and his ruling will be upheld only if the error is, as a matter of law, fundamental.
Accordingly, since the errors in the present case were not fundamental, it was improper for the trial court to grant a new trial based on them where, as here, the errors were not preserved by timely objection or appropriate in-trial motion.
Therefore, the cause is reversed and remanded with directions to enter judgment for the defendants upon the jury verdict in their favor.
NOTES
[1] The appellees have conceded here that other grounds set forth in the order granting new trial are insufficient to support the order.
[2] The background of the remark is that on the eve of the date when the case was first set for trial, the plaintiffs attempted to add a "newly discovered" witness to their list of witnesses to be called, the trial court refused them permission to do so, the plaintiffs thereupon voluntarily dismissed their action, and shortly thereafter refiled this action, in the trial of which the witness testified.
[3] One commentator reads Shank v. Fassoulas (and presumably its progeny) as totally incompatible with Gordon v. St. Mary's Hospital, Inc. (and presumably its progeny). See M. Massey & J. Tanen, Civil Procedure, 30 U.Miami L.Rev. 1, 56 n. 312 (1975). While, as we have said, we think these decisions can be reconciled, to the extent that reconciliation is not possible, we believe that the better rule is found in Gordon.