SCHWARTZ, Chief Judge.
After a jury verdict for the plaintiff in a personal injury action, the lower court granted the defendants a new trial on the sole ground that it had erred in denying their motion for continuance on the eve of trial.[1] We reverse.
Since the record shows that defense counsel was completely neglectful in its preparation of the case, it is clear that there was no cognizable ground for' the requested continuance and thus that it was properly denied. S & S Pharmaceuticals, Inc. v. Hirschfield, 226 So.2d 874 (Fla. 3d DCA 1969). It follows that the new trial order, founded entirely on the determina *1352 tion that that ruling was incorrect and which consequently represents no more than a post-trial change of mind by the trial judge without any additional foundation for that conclusion, is therefore itself erroneous. Florida Power Corp. v. Smith, 202 So.2d 872 (Fla. 2d DCA 1967); see Springfield Life Ins. Co. v. Edwards, 375 So.2d 1120, 1124 (Fla. 3d DCA 1979) (“Since these rulings were therefore correct when made, they cannot sustain the subsequent award of a new trial any more than they would have permitted reversal on appeal.”); Bishop v. Watson, 367 So.2d 1073 (Fla. 3d DCA 1979); Boutwell v. Bishop, 194 So.2d 3 (Fla. 1st DCA 1967); see also Sears, Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983). To hold otherwise would not only grant ultimately unsuccessful litigants two trial court bites at every pretrial ruling but, in the present context, would actually reward negligence and lack of diligence with another totally undeserved chance at jury success.
Accordingly, the order under review is reversed with directions to enter judgment on the jury verdict.
Reversed.

. The court did not base the order on any ground related to the weight of the evidence, an improper influence on the jury, the justice of the cause, or the like. Cf., e.g., Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla.1980). See generally, as to the distinction in the review-ability of orders on such grounds, which invoke the broadest range of the trial court’s discretion, and for reasons concerning the alleged legal impropriety of a prior ruling, Springfield Life Ins. Co. v. Edwards, 375 So.2d 1120 (Fla. 3d DCA 1979); Bishop v. Watson, 367 So.2d 1073 (Fla. 3d DCA 1979); see also Sears, Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983).