491 So.2d 1216 (1986)
John W. BERTOGLIO, Appellant,
v.
AMERICAN SAVINGS & LOAN ASSOCIATION OF FLORIDA and Shepard Broad, Appellees.
No. 85-1702.
District Court of Appeal of Florida, Third District.
July 22, 1986.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Curtis Carlson, for appellant.
Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh and Thomas Meeks and John M. Brumbaugh, for appellee American Sav. and Loan Ass'n of Fla.
Anderson, Moss, Russo, Gievers & Cohen, and Daniels and Hicks and Mark Hicks, for appellee Shepard Broad.
Before NESBITT, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
In this appeal from a judgment against the individual defendant Shepard Broad, entered after a ten-day trial, plaintiff contends: (1) the damage award was grossly inadequate; (2) it was error not to instruct the jury that an enforceable contract is not necessary in an action for interference with an advantageous business relationship; (3) a comment of defense counsel during closing *1217 argument was so prejudicial as to require reversal; (4) a judgment notwithstanding the jury verdict should have been entered against the corporate defendant in that the acts for which the individual defendant was held liable for conversion were committed within the scope and course of his employment; and (5) the damage award should have been trebled, pursuant to the Florida Anti-Fencing Act, sections 812.012-.037, Florida Statutes (1985), in that the jury's finding that a civil conversion was committed is equivalent to a finding of the requisite felonious intent. We affirm.
On review of the record, we find substantial evidence to fix February 4, 1983, as the date of loss. A calculation of losses from that date, based on fluctuations in the value of appellant's stock, accords with the $215,000 damage award. There is also sufficient evidence in the record to support the jury's finding that the corporation was not a party to the voting trust agreement, out of which the conversion arose, and that the agreement was a proxy arrangement between only the plaintiff, the defendant and a third individual. Helman v. Seaboard Coast Line Railroad, 349 So.2d 1187 (Fla. 1977) (if there is any competent substantial evidence to support verdict, it must be sustained); Landry v. Hornstein, 462 So.2d 844 (Fla. 3d DCA 1985) (same).
The instruction given the jury on the claim for interference with an advantageous business relationship was consistent with the "no-contract" theory advanced by plaintiff. Further there was no objection to the given instruction. See Enfield's Miami Photo, Inc. v. Keyes Co., 489 So.2d 1203 (Fla. 3d DCA 1986); Wagner v. Nottingham Associates, 464 So.2d 166 (Fla. 3d DCA), rev. denied, 475 So.2d 696 (Fla. 1985).
The improper remarks of counsel, essentially that he was "a shareholder in American Savings," were not met with a contemporaneous objection. Nor was there dissatisfaction expressed with the court's sua sponte instruction to the jury to disregard the statement. Generally, a timely objection to a prejudicial statement by counsel must be interposed in order to assert the error as grounds for a new trial. See Honda Motor Co. v. Marcus, 440 So.2d 373 (Fla. 3d DCA 1983), rev. dismissed, 447 So.2d 886 (Fla. 1984); Bishop v. Watson, 367 So.2d 1073 (Fla. 3d DCA 1979). Appellant did not contend in the trial court, and the record does not reflect, that a recognized exception to the requirement for a contemporaneous objection is applicable. See Sears Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983) (timely objection to counsel's remarks is predicate for grant of new trial or reversal on appeal unless error is fundamental); Tyus v. Apalachicola Northern Railroad, 130 So.2d 580 (Fla. 1961) (where timely objection to counsel's remarks not made, case will not be reversed unless error is one of many which in "collective import" denies fair trial).
A felonious intent to steal marks the distinction between civil and criminal theft. Thus, in the absence of a pleading and proof of criminal intent, a finding of civil conversion alone does not justify an award of treble damages under Florida's Anti-Fencing Act. See State v. Dunmann, 427 So.2d 166 (Fla. 1983); Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA 1986); Pridgen v. Bill Terry's Inc., 478 So.2d 837 (Fla. 1st DCA 1985).
Affirmed.